O'Neill v. The State.

---

## O'NEILL *vs.* THE STATE.

1. Mere words do not constitute an affray; nor is a party guilty of that offence, who offers no resistance to an attack made upon him, although the attack is induced by insulting language used by him to the assailant.

Error to the Circuit Court of Lawrence. Tried before the Hon. George W. Lane.

The plaintiff in error was tried under an indictment, charging him with an affray. At the trial a bill of exceptions was sealed, by which it appears, that the State in support of the charge introduced a witness, who testified, that some time in 1844, the defendant rode up to where the witness was sitting in the town of Moulton, and applied to him many opprobious epithets, such as thief, liar, rascal, &c.; whereupon the witness caned him, but the defendant made no resistance, further than to throw up his hands to protect his head, and neither struck nor attempted to strike the witness. Upon this evidence, the accused requested the court to charge the jury, that mere

words would not constitute an affray, which charge the court refused to give, but charged the jury, that an affray was the fighting of two or more persons willingly in a public place, and that if one used insulting language to another, calculated to bring on a fight, and in consequence thereof the person insulted attacked the person using the insulting language, both were guilty of an affray, whether the person attacked resisted or not. To the refusal of the court to charge as requested, and to the charge given, the defendant excepted, and now assigns them as error.

T. M. Peters, for plaintiff:

1. The court erred in refusing to charge as asked. No quarrelsome or threatning words will amount to an affray—much less then, will mere words of abuse. To constitute one an affrayer, he must actually engage in the fight, either by striking or offering to strike, or by drawing a weapon to intimidate. Archb. Cr. Pl. 564; Rosc. Cr. Ev. 198; 1 Russ. Cr. 271; 1 Jacob Law Dict. 65; 3 Inst. 158; Cushman v. Ryan, 1 Story Rep. 92; 1 Hawk. Pl. 135; Wharton's Dict. of Jurisprudence, verb. affray, 30.

2. The court erred in the charge defining an affray. An affray is a skirmish or fighting between two or more persons in a public place, to the terror of the by-standers: and it is called an affray because it disturbs the public peace, by affrighting or making men afraid. The "affrighting" or "putting in fear" is one of the ingredients of the offence. For if it be a fighting in a private place, or there be none else present to be made afraid or terrified, except the combatants, then the offence is but an assault, or an assault and battery. 4 Black. Com. 145; 1 Hawk. Pl. 134, 135; 3 Inst. 158; 1 Bouv. Law Dictionary 90; Rosc. Cr. Ev. 198; 1 Russ. Cr. 271; Archb. Cr. Pl. 564; Wharton's Dic. of Jurisp. 30, and the descriptions of the offence in all the precedents of indictments for Affrays. See also, Sampson v. State, 5 Yerg. Tenn. R. 356.

Attorney Genelal, for the State:

1. There may be an affray without any actual violence—the terror it produces to the citizens, being the gist of the offence. 1 Russell on Crimes, 271.

Cook and Mitchell, Ex'rs, &c. v. Lewis and Wife.

2. The slightest participation in a misdemeanor is a misdemeanor, and so if a person should use provoking language towards another, calculated to bring on a difficulty and which does produce that result, this would be such a participation in a misdemeanor as to render both guilty of an affray, although the party provoked fought so fast, that the party using the provoking language, did not get a chance to strike, for the intention must be taken for the act.

DARGAN, J.—An affray is the fighting of two or more persons in some public place, but no quarrelsome words merely, will constitute this offence. 1 Russell, 271; Archb. Cr. Pl. 564; 1 Hawk. 135; 5 Yerger, 356. It is probable, however, that if persons arm themselves with deadly or unusual weapons for the purpose of an affray, and in such manner as to strike terror to the people, they may be guilty of this offence, without coming to actual blows. 1 Russell 271. Yet no authority goes so far as to hold that mere vulgar or low abuse, can constitute this offence. We think, therefore, that the court erred in refusing the charge requested, that mere words would not constitute an affray, and also in charging, that if one used insulting language to another, in consequence of which, the person insulted attacks the one insulting him, the party attacked is guilty of an affray, whether he resisted the attack *or not.*

Let the judgment be reversed and the cause remanded.