## JORDAN *vs.* RONEY.

1. Plaintiff declared on a contract by which defendant promised to pay in consideration that plaintiff would cure a certain negro belonging to defendant, and offered in evidence a contract by which defendant promised to pay in consideration that plaintiff would take said negro "and effect a cure *free of any charge for board*": *Held*, that the contract offered was not admissible evidence under the declaration, the consideration therein expressed being different from that alleged in the declaration.

2. Plaintiff undertook to take charge of a certain negro belonging to defendant, "and effect a cure of the same free of any charge for board," and defendant promised, in consideration thereof, to pay a stipulated sum "six months from the time that the cure of said negro is effected, or from the date that he is returned and pronounced well; the intention and understanding of the parties being, that a sound and perfect cure is to be effected, for which the said J. (defendant) is willing to pay the above sum, otherwise he is not to pay anything": *Held*, that the legal effect of defendant's promise was, to pay the sum stipulated six months after a perfect cure had been effected, or six months from the time when the negro was returned perfectly cured ; that plaintiff's declaration when he returned the negro, 'that he was well,' was admissible evidence for him, not as evidence of the fact that a cure had been effected, but to show that plaintiff had returned him as well, and thus fix the time when the six months would commence to run ; and that evidence of the negro's condition more than six months after his return, was admissible to show that he was not perfectly cured when returned.

Error to the Circuit Court of Macon.

Tried before the Hon. JOHN G. SHORTER.

Jordan v. Roney.

RONEY brought his action of assumpsit against Jordan, and declared on an agreement in writing made by the defendant on the 8th day of May, 1851. The declaration, after setting out the date of the agreement, proceeds thus : "And thereby, then and there, promised, in consideration that said plaintiff would take a certain negro boy of the said defendant, who had a sore leg, and effect a cure of the said leg, to pay to the said plaintiff, six months after or from the time said cure was effected, or from the date that the said negro was returned by the plaintiff and pronounced well, the sum of $100 ; and then and there delivered," &c.

On the trial the plaintiff introduced an agreement as follows : " Memorandum of an agreement entered into this day, between Benjamin Roney of the first part, and Samuel Jordan of the second part, witnesseth, that the said Roney agrees to take a certain negro boy of the said Jordan, named Alfred, who has a sore leg, and effect a cure of the same free of any charge for board, in consideration of which the said Jordan agrees to pay said Roney the sum of one hundred dollars, payable six months from the time the cure of said negro is effected, or from the date that he is returned by said Roney and pronounced well ; the intention and understanding of the parties being, that a sound and perfect cure is to be effected, for which the said Jordan is willing to pay the above sum, otherwise he is not to pay anything. May 8th, 1851.

(Signed)        BENJAMIN RONEY.<br>SAMUEL JORDAN."

This was objected to, on the ground that the agreement offered varied from that described in the declaration ; which objection was overruled, and the agreement allowed to go the jury. The plaintiff then proved that the boy was returned by him to the defendant on the 1st of September, 1851, and offered evidence tending to show that said negro was cured when so returned ; but upon this point the evidence was conflicting.

The plaintiff then offered to prove, that when he returned the negro, he (the plaintiff) pronounced him well ; which evidence was objected to, and the objection overruled.

The defendant then offered evidence tending to show, that from the appearance and condition of the negro's leg in July, 1852, he was not cured at the time he was returned.

Upon this evidence the court charged, that by the terms of the contract the plaintiff stipulated to receive defendant's negro free of charge for board, and to effect a perfect cure of the sore upon his leg; and that the defendant stipulated for six months time after his return by the plaintiff to ascertain the fact, and that at the expiration of six months he would pay the plaintiff one hundred dollars if the negro was cured at the time of his return; that the jury must ascertain when the negro was returned to the defendant by plaintiff and pronounced well, and whether at that time a perfect cure had been effected; and if they found such to be the fact, it devolved upon the defendant to show, by evidence within the six months after the return of the negro, that the sore was not cured; and if he had failed to do so, they must find for the plaintiff; and that the jury could not look to any evidence of unsoundness after the six months, and must disregard any evidence of unsoundness in July, 1852, if the six months had previously expired. The defendant excepted to the rulings of the court upon the evidence and also to the charge, and the same are here assigned for error.

CLOPTON & LIGON, for plaintiff in error.

GEO. W. GUNN, contra.

GOLDTHWAITE, J.—One of the terms of the agreement offered in evidence is, that the plaintiff was to board the negro during the time he was engaged in effecting a cure, and this formed a part of the consideration, on which the promise of the defendant was based. The declaration, however, set up the curing of the negro as the only consideration for the promise, and in that respect varied from the agreement offered. The consideration being entire, it was necessary to prove one that was identical with that alleged in the pleadings.

The court, therefore, erred in allowing the agreement offered to go the jury under the declaration as framed.

There was no error in admitting the declaration of the plaintiff at the time he returned the boy, "that he was cured," although that declaration would be no evidence of the fact; it was simply evidence to show, that under the agreement the plaintiff had returned the boy as well of the disease which he had undertaken to cure, the defendant having stipulated to pay

the sum agreed on, six months after such return, if the boy was in fact cured. The return of the boy by the plaintiff, coupled with the declaration then made by him, would indicate the point of time from which the six months was to commence running, and thus fix the period when the defendant became bound to pay the money.

The charge of the court was clearly erroneous. The legal effect of the agreement, so far as the defendant was concerned, was, that he should pay the sum stipulated six months after a perfect cure was effected, or from the date when the boy was returned as well, if a cure had been effected when so returned.— The only issue of fact presented upon the evidence was, whether the boy was cured at the time of his return in September, 1851, and any testimony which conduced to show that such was not the case was admissible. The court construed the time specified in the agreement for the payment of the money as having been fixed by the parties, for the purpose of ascertaining whether the cure had been effected, and this may have been one object of the defendant in postponing the day of payment for six months ; but the agreement is express, that if a perfect cure was not effected the defendant was to pay nothing. The record shows that evidence was offered, showing the appearances of the leg more than six months after the boy was returned as well, and, as we understand the bill of exceptions, other testimony was also offered tending to show that from such appearances the boy was not in fact cured at that time. This evidence, as we have seen, was admissible, and as the effect of the charge given by the court was to exclude . it from the consideration of the jury, it was erroneous.

The judgment is reversed, and the cause remanded.