# Alabama Gold Life Insurance Co. *v.* Mobile Mutual Insurance Co.

### *Action by Assignee of Life Insurance Policy.*

1. *General charge on evidence.*—A general charge on the evidence should never be given, when the evidence, though without conflict, and direct and positive, yet rests on inference, and the jury are authorized to make any deduction or inference which would be fatal to the right of recovery, or to the defense, as the case may be.

2. *Proof of misrepresentation as to age and date of birth.*—In an action on a policy of life-insurance, the defense being rested on an alleged misrepresentation as to the age and date of birth of the assured; the only witness who testified directly to the time of birth being the father of the assured, who was an infirm old man, and who had kept no record of the births of his children; to whose deposition was attached an affidavit which the defendant had procured from him, on which appeared an unexplained alteration in the date; and the admission as to the date of birth, contained in the preliminary proof of death, being made only on information, as explained by the person making it; the evidence can not be said to be so clear, direct, positive, and without conflict, as to justify a general change in favor of the defense.

3. *General charge against plaintiff.*—When there is an entire want of evidence tending to prove a fact material to the plaintiff's right of recovery, a general charge in favor of the defendant should be given, if requested.

4. *Assignment of policy; proof of interest.*—Where a policy of life-insurance is assigned during the life of the assured, the assignee must have an insurable interest; and in an action brought by him on the policy, he can not recover without proof of such insurable interest.

5. *Insurable interest of assignee.*—The assignment of a policy of life-insurance to one, having no expectation of benefit or advantage from the continuance of the life of the insured founded on pecuniary relations, or those of blood or marriage—to one who is interested in the death of the insured rather than in his life—is obnoxious to all the objections which exist to the issue of the policy originally to such person.

6. *General issue; special pleas; verified pleas.*—In an action by the assignee of a policy of life-insurance, the want of an insurable interest in the plaintiff may be taken advantage of under the general issue, and neither a special plea (Code, § 2988), nor a plea verified by affidavit (Rule No. 29; Code, p. 161), is necessary.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

[Ala. Gold Life Ins. Co. v. Mobile Mutual Ins. Co.]

The opinion states the facts.

OVERALL & BESTOR, for appellant.  1.—The general charge should have been given.  The evidence established a misrepresentation of the age of the assured, made in the application upon which the policy was issued.— *Tuttle v. Walker*, 69 Ala. 172 ; *Sanders v. State*, 58 Ala. 371.  2. The evidence failed to disclose that appellee had an insurable interest in the life of the assured.—*Helmetag v. Miller*, 76 Ala. 183 ; *White v. Equitable Benefit Union*, 76 Ala. 262 ; 2 Greenleaf on Ev., § 135 ; 1 Chitty on Pld. 472 ; 15 Johnson N. Y. 230 ; *Oscanyan v. Arms Co.*, 103 U. S. 266.

R. H. CLARK, cont' a.—The general charge should not have been given.  1. It would have withdrawn from the jury the right of passing upon the credibility of witnesses and of drawing inferences and making deductions.  2. No special plea of the want of insurable interest was filed, and so far as the record discloses the question was not presented in the court below.—Code of 1876, § 2988 ; *Petty v. Dill*, 53 Ala. 494 ; *Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538 ; 29 Rule of Practice, Code, p. 161 ; Greenhood Pub. Pol. 118, 125 ; *Bailey's Onus Probandi*, 137 ; Abbott's Trial Ev. 789.

CLOPTON, J.—The Alabama Gold Life Insurance Company issued, February 14, 1871, a policy of insurance in the sum of five thousand dollars on the life of James L. Steedman, payable to the assured or his legal representatives.  On July 18, 1882, Steedman assigned the policy to Charles A. Holt, who was his creditor.  The company, on request of Steedman and Holt, issued July 23, 1883, in consideration of the surrender of this policy, a paid up policy, being the one sued on, payable to Holt, " assignee, his executors, administrators, or assigns."  The latter policy was assigned by Holt, during the life of the insured to appellee, who brought the present suit, Steedman having died March 4, 1884.  The defendant pleaded the general issue, and a special plea, alleging misrepresentation as to age and date of birth.  The only error assigned is the refusal of the court to give, on request in writing, the affirmative charge in favor of the defendant.  The right to such charge is based on two grounds,—the absence of conflict in the testimony respecting age and date of birth, and the want of evidence showing an insurable interest.

If the only ground on which to rest the instruction, is the effect of the evidence relating to the issue of misrepresentation, there would be no error in its refusal.  Such

charge may be properly given, when the evidence is clear and positive, without conflict on any material point, and no evidence is offered by the other party affecting its credibility or accuracy.    The mere want of conflict is not sufficient, unless only legal conclusions are to be drawn.    The affirmative instruction should not be given, though the evidence may be without conflict, and direct and positive, if it rests in inference, and the jury are authorized to make any deduction, or draw any inference, which would be fatal to the right of recovery, or to the defense, as the case may be. *Luke v. Calhoun Co.* 52 Ala. 115 ; *Fountain v. Ware,* 56 Ala. 558.

The only witness who testified directly to the time of birth, was Reuben Steedman, the father of the insured. His testimony was taken on interrogatories, to which was attached his *ex parte* affidavit procured by the defendant shortly after the death of the insured, on the face of which it is apparent an alteration had been made in the figures designating the year of birth, and no explanation was offered how, when, or by whom the alteration was made. Though his testimony is positive and direct, there is evidence that he was advanced in years, was infirm, and his memory was bad, and that no record was kept of the births of his ten children.    The statement of the date of birth in the proof of death may be regarded as an admission, subject to be corrected or explained.—*Conn. Life Ins. Co. v. Schwenk,* 94 U. S. 593.    Glover, who made the proof, testified to his want of information, the manner in which he arrived at the year of birth, and that it was inserted in the proof on demand of the agent of the defendant, to whom he stated, at the time, he did not know the date of birth.    The burden of proving the falsity of the representation is on the defendant.—*Piedmont & Arlington Life Ins. Co. v. Ewing,* 92 U. S. 377.    The credibility and accuracy of the testimony, and its sufficiency, are matters for the determination of the jury. In determining these questions, they were authorized to consider the evidence relating to the physical and mental condition of the witness at the time of testifying, the circumstances under which he testified, and the explanation of the admission in the proof of death, and draw inferences in regard to the value and accuracy of the direct and positive evidence.    The effect of the charge would have been to withhold from their consideration the explanatory, qualifying, and invalidating evidence, and to instruct them, that notwithstanding its truth, the testimony of the father, and the admission in the proof of death were sufficient to overcome the presumption of the truth of the representation.

But such charge should be given when there is a want of evidence tending to prove a fact, material to the right of recovery.—*Tyree v. Lyon, Murphy & Co.*, 67 Ala. 1. There is no evidence of an insurable interest; and the question thus raised is, whether it is incumbent on the assignee of a policy of life insurance, the assignment having been made during the life of the insured, to show such interest, to entitle him to recover? The doctrine is well settled, that a policy of insurance taken out by one person on the life of another, in which he has no insurable interest, is repugnant to public policy, and illegal. And though there is conflict in the authorities, it may be regarded as established by this court, that the assignment of a policy of life-insurance to one, having no expectation of benefit or advantage from the continuance of the life of the insured, founded on relations of blood, or marriage, or pecuniary—to one who is interested in his death rather than his life—is obnoxious to all the objections which exist to the issue of the policy originally to such person.—*Helmetag v. Miller*, 76 Ala. 183.

The policy sued on contemplates, and provides in terms for, an assignment. It is made payable to the assured, his executors, administrators, or *assigns*. After prescribing the mode in which it may be assigned, and requiring notice thereof to be filed with the company, it provides: "That any claim against this company, arising under this policy by any assignee, shall be subject to proof of interest, and said assignee shall, in no event, receive from said company any amount in excess of the amount due said assignee at the date of the maturity of this policy, the balance, if any, reverting to this company." The policy and the assignment constitute a contract, to which the plaintiff and defendant are parties, and by the terms of which the plaintiff stipulated, that the continuing validity of the policy should be conditioned on proof of interest, and that the recovery should be limited to the amount of such interest. But independent of these provisions, the assignee is required to prove each and every fact which the assured, if plaintiff, would be required to prove in order to maintain an action on the policy; and the assured would be required to establish an interest in the subject insured, unless the statements of the policy are *prima farie* sufficient. The assignment, on its face, purports to be a purchase. In such case there is no presumption of an insurable interest. As without the possession of such interest, the policy on assignment, becomes a wager policy, though valid in its inception; the burden is cast, by the plea of the general issue, on the assignee to prove such interest, it being material and requisite,

to his right of recovery.—Greenhood on Public Policy, 121, 238; *Singleton v. St. Louis Mut. Ins. Co.*, 66 Mo. 63; *Canfield v. Watertown Fire Ins. Co.*, 55 Wis. 419; *Ins. Co. v. Diggs*, 8 Bax. 563.

It is contended, however, that the want of such interest is matter of defense, in avoidance of the policy, and under the statute must be specially pleaded. The statute provides, that "in all suits, where the defendant relies on a denial of the cause of action as set forth by the plaintiff, he may plead the general issue, and in all other cases the defendant may briefly plead specially the matter of defense." Code, 1876, § 2988. The construction which the statute has received is, that the plea of the general issue casts on the plaintiff the *onus* of proving every material allegation of the complaint, and limits the defense to evidence in disproof; but matter in avoidance must be specially pleaded. It does not relieve the plaintiff from proof of any fact, which is an essential constituent of his cause of action —*Petty v. Dill*, 53 Ala. 641. At common law, in an action on a policy of insurance, the declaration must allege the plaintiff's interest in the subject insured. While the common law rules of pleading have been modified, and in some aspects abrogated by statute, and any pleading, which conforms substantially to the prescribed forms, is sufficient, the statutory forms are considered and treated as virtually containing, though in many instances by the averment of a legal conclusion, all the allegations of facts, requisite to setting forth a good and valid cause of action, which it is incumbent on the plaintiff to prove, as if formally averred. There being no form of a complaint on a policy of life insurance, a complaint in such action is sufficient, if it conforms substantially to the statutory form on a policy of marine insurance; and in addition, when appropriate, to the form of a complaint on a dependent covenant or agreement.—*Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538.

When the suit is by the assured, the averment that the defendant insured against loss or injury, contained in the form of a complaint on a policy of marine insurance, is the equivalent, *prima facie*, of an averment of insurable interest.—*Com. Fire Ins. Co. v. Capital City Ins. Co.*, 81 Ala. 320. But it will not be so regarded when the action is brought by an assignee. In such case, conformity to the form merely is not sufficient. Neither the statutory forms, nor the statutory rules of pleading dispense with the allegations requisite to show a legal and substantial cause of action and a right to maintain the suit in his own name. Whether the averment that the policy is the property of the

plaintiff, is the equivalent of these allegations, we do not decide, no objection being made to the complaint.

It is further insisted, that by the twenty-ninth Rule of Practice in the circuit courts, the plaintiff is not required to prove an insurable interest, unless disputed by plea verified by affidavit. The rule provides that when an action is brought by an assignee or transferree of a contract for the payment of money, the defendant shall not dispute the interest of the plaintiff in such contract, and his right to maintain such action, except by a verified plea. The rule relates to a denial of the plaintiff's ownership or property in a contract, the validity or legality of which is not destroyed or affected by a transfer, under whatever circumstances, or to whatever person made—where, notwithstanding the transfer or assignment, the contract continues in force. But where an interest or other thing is essential, on the happening of a contingency, to preserve the legality of the contract, and to maintain it in force and effect—for instance when a policy becomes illegal by its assignment unless supported by an insurable interest—the defendant is not required to deny the existence of such interest, which is to deny the legality of the contract, by a verified plea. Whenever it appears that the contract sued on violates the law and public policy, and is in contravention of good morals, the court is compelled, by the highest considerations, to refuse to enforce it, and the objection can not be obviated or waived by any rule of pleading.—*Oscanyan v. Arms Co.*, 103 U. S. 266.

Though the rule may operate to prevent the defendant to dispute the *factum* of the assignment, or the mere ownership of the plaintiff, except by a sworn plea, it does not operate to prevent him to dispute the existence of the interest, on which the legality of the policy depends, without such plea. The difference consists in the distinction between *ownership* and *legality*. Were the policy assignable as any ordinary chose in action, though the assignee possesses no insurable interest, or had it been assigned after the death of the insured, the rule would have been applicable. But neither the statutory rule of pleading, nor the rule of practice exempts the plaintiff from proving any fact material and essential to a valid and legal contract.

From the principle that the policy is void unless the plaintiff has an insurable interest, the conclusion necessarily results, that such interest is a constituent part, an essential element, of the cause of action set forth in the complaint, and that the general issue casts on the plaintiff the burden and necessity of showing the possession of such

interest. For the want of any evidence tending to prove this material fact, the affirmative charge should have been given.

Reversed and remanded.