REBECCA ELSBERG, AS EXECUTRIX OF ALBERT ELSBERG, DECEASED, APPELLANT, *v.* SAMUEL D. SEWARDS, RESPONDENT, IMPLEADED WITH OTHERS.

*Life insurance policy — payable to a creditor as his interest may appear — the creditor must prove his interest — a stipulation in a policy available only to the company.*

Rebecca Elsberg, as executrix of Albert Elsberg, deceased, having brought an action against a life insurance company and others to determine conflicting claims existing between herself, as executrix, and Samuel D. Sewards, to the avails of certain policies, the company paid $2,500, the money due on the policies, into court.

The complaint alleged that there was due Sewards only $1,500, while his answer claimed more than $2,500.

The policies had been taken out to secure Sewards for a debt due him from Albert Elsberg, and were payable to him as a "creditor as his interest may appear," and contained a clause that a claimant must show an insurable interest; that a

creditor could not recover more than his *bona fide* indebtedness, with interest, and that as to all amounts in excess thereof the policy should be void.

Upon the trial of the action the plaintiff produced the policies, but gave no sufficient proof of the state of the accounts between her as executrix and Sewards, and at the close of her case the defendant Sewards moved to dismiss the complaint and for a judgment for the full amount deposited, which was granted.

Upon an appeal by the plaintiff:

*Held,* that such decision was erroneous.

That the plaintiff had made a *prima facie* case entitling her to the money, subject to Sewards' claim as creditor as the same should be made to appear.

That the clause in the policy, providing that in the case of a creditor it should be void beyond his *bona fide* indebtedness, was a protection to the company forbidding the creditor to speculate upon his debtor's life.

That this provision was not available to the creditor, and its effect had been waived as to the company by its payment of the whole sum into court.

That the question which remained was as to the rights of the executrix and of Sewards to the fund, and that the rights of the latter, by the terms of the policy, were only such as he made to appear.

That as he had given no proof of his claim, it was error to award him the whole sum, or any sum, except upon proof that he was entitled thereto.

APPEAL by the plaintiff Rebecca Elsberg, as executrix of Albert Elsberg, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 26th day of May, 1892, in favor of the defendant Samuel D. Sewards, dismissing the complaint, with costs, after a trial by the court at the New York Special Term.

*John Alexander Beall,* for the appellant.

*W. W. Gage,* for the respondent.

O'BRIEN, J. :

This action was originally brought by plaintiff, as executrix of Albert Elsberg, deceased, against the Mutual Reserve Fund Life Association, David M. Koehler and Samuel D. Sewards, to determine the conflicting claims made to two life insurance policies issued by said association upon the life of Albert Elsberg, one for $2,000, and the other for $500. The life association made an application for leave to pay the money into court and for a discontinuance of the action as against it, which was granted, and the amount of the two policies was deposited and so remained, subject to the order or

decree of the court in this action.    The defendant Koehler was not
served, for the reason, which was made to appear upon the trial,
that he had no interest in the policies, the same, after his indebted-
ness was paid, having been assigned to the defendant Sewards, who
alone answered and defended the action.    It will thus be seen that,
at the time of the trial, the question presented for determination
was as to the conflicting claims of the plaintiff, as executrix, and
Sewards, as creditor, of Albert Elsberg, to the money paid by the
life association into the court.

The plaintiff, suing in her representative capacity as executrix,
which was not denied by the answer, asserted that the amount due
Sewards, for which the policies were assigned to him, did not exceed
fifteen hundred dollars.    The answer claimed that there was due a
sum far in excess of the amount deposited, and that Sewards was
entitled to the whole amount thereof.

According to the terms of the policies, which upon the trial were
offered and admitted in evidence, it appeared that the same were
issued to secure the payment to the defendant Sewards of an indebt-
edness due him by the plaintiff's testator, and were made payable to
" Samuel D. Sewards, creditor, as his interest may appear."    There
was a further provision in the policies, as follows :

"An insurable interest existing at the time of the assignment or
transfer must be shown by all claimants at time of claim hereunder ;
and claims by any creditor as beneficiary or assignee shall not exceed
the amount of the actual *bona fide* indebtedness of the member to
him existing at the time of said death, together with any payments
made to the association under this certificate, or policy of insurance,
by such creditor, with interest at six per cent per annum, and this
certificate or policy of insurance, as to all amounts in excesst hereof,
shall be void."

In addition, plaintiff's counsel offered in evidence two letters, in
the handwriting of the deceased, signed by him and bearing date
six months before his death ; also a memorandum made by him
four months before his death, which, under objection, were, we
think, properly excluded, because not shown to have been, in any
way, communicated to the defendant ; nor were they admissible as
declarations against interest, having been offered by the plaintiff to
establish a claim by the deceased in the fund.

The plaintiff also offered in evidence a statement made by the defendant's son, under his instructions, and which was shown to be a statement of notes held by defendant which he wished to have renewed by Elsberg, the deceased, furnished by defendant in answer to a request by letter from Elsberg to the defendant. When questioned in reference to this statement, as to whether it did or did not show the condition of the indebtedness between the parties at the time, the defendant answered that this statement was only made for the purpose of showing the identity of certain notes, and did not embrace the account between the parties. While, therefore, only a partial account, we are inclined to think that it was admissible in evidence as tending to show the way, or the circumstances, out of which the indebtedness arose. However, it in no way prejudiced the plaintiff, because, though admissible, it did not go to the extent of showing what was the condition of the account between the parties, and could not be regarded as an account stated, it but appearing to be what the witnesses stated with reference thereto, that it was a statement merely of notes due, in respect to which, arrangements looking towards renewals thereof were pending.

Such being the situation of the parties upon the pleadings and the evidence at the close of plaintiff's case, the defendant moved to dismiss the complaint, and for a judgment in his favor for the full amount deposited, which motion was granted, and the decree subsequently entered from which this appeal is taken.

We are of opinion that it was error to dismiss the plaintiff's complaint upon the proofs as they stood. She had made out a *prima facie* case entitling her to the moneys realizied upon the policies, subject, however, to any claim of the defendant creditor as the same should be made to appear. No doubt the learned trial judge was influenced by the provision which we have quoted in full from the policies, that for any excess over such creditor's claim the policy should be null and void, and, therefore, concluded upon the proofs that the defendant alone would be entitled to the amount, and that it would follow that the plaintiff had no interest therein. We think, however, that a consideration of the parties to the suit, and of this provision of the policy thus invoked, will lead to the conclusion that it should be given no weight in an adjudication between the parties then before the court.

It is true that, had the association remained a party and defended, making the point that the plaintiff had no interest in excess of what was the actual indebtedness, this condition in the policy as to such association might be available. We say advisedly "might be available," because it is not entirely clear that, as against the plaintiff, resort could be had to this condition. Its evident purpose is to protect the company against a creditor's speculating upon the life of a member beyond what is actually due him. Where, therefore, the assignment from the member to one claiming to be a creditor is absolute in form, thus leaving no claim in favor of the member, the company is only liable to the creditor to the extent of his *bona fide* debt. That this must be the correct view is apparent if we consider the results to the member of the payment to the creditor of his entire indebtedness before the policy matured by death or limitation of time. It could not then be held that because there was no indebtedness the association would be free from any obligation to pay the member. The true construction, we think, therefore, of this provision is, that it was intended to protect the company against creditors or other persons speculating in policies of the company issued to members.

But the company, by payment into court of the full amount of the policy, having waived not only that condition but all others, such condition was not available in the defendant Seward's behalf to defeat the right which the plaintiff might have in the policies. In other words, the life association alone had the right to insist upon that condition, and its waiver and payment do not give the defendant the right to take the benefit of it and claim the surplus over his debt on the ground that plaintiff had violated or failed to perform any condition. That was a right in favor of the company which was not assigned to the defendant Sewards. And the effect of the payment into court by the company was not only a waiver of the condition, but an admission that it had no interest in the fund, which was deposited to the credit of the action, with a view of having the respective rights of the plaintiff here and the defendant Sewards thereto determined.

The question, therefore, presented, having in view the admissions in the pleadings, was, what was the extent of Sewards interest as creditor in such fund? We think that the burden of showing the extent of his interest was upon him, and that, after *prima facie*

case made out by the plaintiff upon production of the policies of insurance, the affirmative of this issue was upon such defendant.

If, however, we assume that the affirmative was upon the plaintiff of showing the actual indebtedness to Sewards, and thus to establish her interest and title to the surplus, and that for failure of proof the complaint should have been dismissed, we are yet of opinion that it was error, in the absence of any evidence to support the defendant's claim to the fund, to decree that the entire amount thereof belonged to him. This, in effect, was to hold that, because the plaintiff's complaint should be dismissed for want of proof, the defendant, without having given any proof, was entitled to a judgment upon the merits for the whole amount. As we have seen, his interest in the policies was as a creditor, as the same should be made to appear, and it could only be upon its having appeared that he was entitled to the whole amount that he could obtain a judgment upon the merits in his favor.

Upon the whole case, therefore, we think that this error alone requires that the judgment should be reversed and a new trial ordered, with costs to abide the event.

Van Brunt, P. J.; and Lawrence, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.