John Bohleber, Appellant, v. August Waeldin and Charles Schmidt, Respondents.

*Assignment of a policy of life insurance, "as interest may appear" — right to redeem — burden of proof — subsequent assignment by the original assignee.*

When a person, who has taken out an insurance policy on his own life, payable on his death to his wife and on her death to him, and who has paid premiums thereon, has, together with his wife, assigned the policy to one Schmidt "as interest may appear," the assignee can recover no more than he, as between the parties, has advanced upon the policy, and the assignors are entitled to the remainder.

In the case of such a qualified assignment of a policy, the assignor, on bringing an action to redeem, will be entitled to an accounting and, upon payment of what is due the assignee, to a reassignment.

On the trial of such an action to redeem, the plaintiff, when he has proved the assignment, qualified by the words "as interest may appear," has a right to assume his own interest proven by the policy and to call upon the assignee for proof of his interest.

A subsequent assignment of the policy by the original assignee claiming under such a qualified assignment will not affect the original assignor's right to redeem.

Appeal by the plaintiff, John Bohleber, from a judgment of the Supreme Court rendered at the Kings Special Term, after a trial before the court without a jury, dismissing the complaint because of the plaintiff's failure of proof, and entered in the office of the clerk of Kings county on the 22d day of November, 1892.

The action was brought to obtain an accounting of all premiums paid by the defendants upon a policy of life insurance, which had been assigned by the plaintiff and his wife, Mary Bohleber, since deceased, to the defendant Schmidt, and subsequently assigned by Schmidt to the defendant Waeldin, and for a reassignment of the policy to the plaintiff on payment to the defendants of the amounts found due them.

*Fernando Solinger*, for the appellant.

*William A. Guck* and *S. T. Maddox*, for the respondent.

Barnard, P. J.:

It was proven on the trial that the plaintiff, in 1877, took out a policy of life insurance on his own life, payable on his death to Mary Bohleber, his wife, and on her death to the plaintiff. Pre-

sumably, the plaintiff paid the quarterly premiums to the Equitable Life Insurance Society, which company issued the policy, up to the fall of 1889. On the fourteenth of December in that year, the plaintiff and his wife assigned the policy to the defendant, Charles Schmidt. Schmidt, on the 28th of March, 1892, assigned the policy to the defendant Waeldin. The title to assignment to Schmidt was qualified by the words "as interest may appear." These are common words and have a definite meaning. It is a part of a transaction thus limited that the assignee can recover no more than he, as between the parties, has advanced upon the policy, and the plaintiff the remainder. (*Mussey* v. *Atlas Ins. Co.*, 14 N. Y. 79; *Pitney* v. *Glens Falls Ins. Co.*, 65 id. 6.)

With this fact in the case, the plaintiff was entitled to an accounting, and, upon payment of what was due, to a reassignment. His complaint was one to redeem, and the defendant Schmidt claimed that the assignment was for a full and valuable consideration. This was an evasive issue. The plaintiff's case was stated clearly. That the assignment was made when the parties insured were very poor. That the plaintiff lived with defendant and worked for him, and that the assignment was made upon Schmidt's promise to pay the premiums and keep the policy alive. Of course, this was a good consideration, but it only secured the assignee for his payments under the assignment, and an answer that the assignment was for an adequate consideration, fell short of what was required. The plaintiff had a right, therefore, when he proved the assignment, qualified by the words that the assignee was to hold the policy for all interests, to assume his own, proven by the policy, and to call on the assignee, Schmidt, for proof of his interest, so that he could repay all which Schmidt had paid on the faith and security of the assignment. (*Elsberg* v. *Sewards*, 21 N. Y. Supp. 12.)

The subsequent assignment of the policy to the defendant, Waeldin, is of no importance. Schmidt could only sell what he had to sell, and Waeldin took his title subject to the plaintiff's right to redeem, if he made out a case to redeem.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.