[Culver, Trustee, &c. v. Guyer.]

# Culver, Trustee &c. *v.* Guyer.

*Bill in Equity for enforcement of Trust and Appointment of Receiver,*

1. *Bill for the appointment of a receiver; subscription by affiant not necessary to proper verification.*—The verification of a bill in equity, asking for the appointment of a receiver, is sufficient without the subscription of the affiant to the affidavit; the rule of practice not requiring such subscription, (Code, p. 1205, Rule 15).

2. *Same; when appointment proper without notice.*—In a bill filed seeking the enforcement of a trust and asking for the appointment of a receiver of the trust property, where facts are averred showing that the respondent is insolvent and that there is imminent danger of his disposing of the trust property before a receiver could be appointed if he had notice of an application for a receiver, and the bill is properly verified, such averments authorize the appointment of a receiver without notice.

3. *Enforcement of trust in money collected upon life insurance policy; equity of bill.*—The assignment, absolute or conditional, of a policy of life insurance, taken out by a person on his own life, is only valid in the hands of the assignee to the extent of the money paid by him with interest thereon; and, therefore, there is equity in a bill filed by the assignor of a life insurance policy, which avers that it was assigned to the defendant as collateral security for his debt, and that upon default in the payment of such debt, the defendant as assignee surrendered the policy and collected the cash surrender value thereof, which exceeded the amount due the defendant with interest, and which seeks to charge the defendant as trustee for the amount he received on the surrender of the policy in excess of the amount due him with interest.

4. *Same; can be followed into property in which money is invested.*—Where the assignee of a life insurance policy, upon the surrender of such policy to the company, collects money in excess of the amount paid by him with interest thereon, he holds such excess of money in trust for the assignor, upon whose life the insurance policy was taken out, and such assignor can follow the trust funds into whatever property it may have been

[Culver, Trustee, &c. v. Guyer.]

converted by the assignee, and subject such property to the payment thereof.

5. *Same; same; burden of proof.*—Where a bill is filed by the assignor of a life insurance policy, which was taken out upon his own life, against the assignee, seeking to charge defendant as trustee for the amount received by him on the surrender of the policy in excess of the money paid by him with interest thereon, and to subject property into which the defendant had converted such fund, the burden of proof is upon the complainant to show the fact of conversion by the defendant into other property, and the identity of such property sought to be subjected with that into which the conversion was made.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed on March 24, 1898, by the appellees, Paschal A. Guyer, against the appellant, D. M. Winton, and averred the following facts:

The complainant had taken out a policy of life insurance in the New York Life Insurance Company. Not having the money to pay one of the premiums, he borrowed the sum from the defendant Winton, executing his note therefor. On March 19, 1897, upon another premium becoming due he again borrowed the money to pay the same from Winton; executing at the time two notes, one for $71.50 due October 1, 1897, and one for $74.22 due November 15, 1897. As collateral security, the complainant assigned to Winton the policy of insurance, the premiums on which had been paid for ten years. In this assignment he transferred "all dividends, benefits and advantages to be had or derived" from said insurance policy. On the same day Winton executed and delivered to the complainant a covenant, in which he agreed that upon the payment of said notes he would "transfer, assign and quit-claim the right and title to the policy on the life of said Paschal A. Guyer        *        *        * assigned to me this day." The notes were not paid at maturity. Subsequently, as alleged in the bill, at the instance of the complainant, the defendant surrendered the said policy of insurance to the insurance company and obtained thereon the cash surrender value thereof; the said insurance company paying to the defendant the

sum of $404.60 as assignee and as agent for complainant. This payment was made in March, 1898.

It was then averred in the bill that the complainant requested the defendant to deduct from said money so paid by the insurance company the amount due him upon said notes, and to pay to the complainant the residue, but that the defendant had declined and refused to do so.

It was then averred in the bill as follows: "Defendant is insolvent, a judgment at law would be fruitless, and he will put the money beyond the jurisdiction of the court unless a receiver is appointed without notice. Complainant avers on information and belief that the defendant has already invested a part of said money hereinbefore mentioned in live stock."

The prayer of the bill was that a receiver be appointed to take charge of the money paid to the defendant by the insurance company, less the amount justly due the defendant on said notes, and that the receiver be authorized to take charge of any property to which the money may have been converted by the defendant; that in the event of the conversion of said money a personal decree be rendered against the defendant, and that if the money had been invested in property or securities, a lien be declared and enforced against such property or security.

The bill was subsequently amended by particularizing as to the indebtedness, and averred that part of the proceeds of the money paid by the insurance company on said policy was invested by the defendant in a horse, which was then in his possession, and in the purchase of three mules; that said mules had been sold by the defendant, and he had taken notes and mortgages from the purchasers thereof to secure the payment of the purchase money and the giving of a bond therefor by the complainant.

Upon the filing of the bill the chancellor appointed a receiver without notice, and authorized him, after entering into bond as required, to demand and receive from the defendant the money paid by the insurance company, less the amount justly due the defendant, and also any property into which said money had been invested.

The verification of the original bill was as follows:

"State of Alabama, ⎤   Before me, Chas. Weineman, a
                ⎬ justice of the peace in and for
   Morgan County. ⎦ said State and county, this day
personally appeared P. A. Guyer, the complainant in the
foregoing bill, who being by me duly sworn doth depose
and say that the allegations of said bill are true.

Sworn to and subscribed before me this 22d day of
March, 1898.

CHAS. WEINEMAN,<br>Justice of the Peace."

The defendant filed a sworn answer, in which he de-
nied that the policy of insurance was transferred to him
as collateral security, and averred that the defendant
executed an absolute and unconditional assignment, and
that it was understood and agreed, that if the complain-
ant did not repay the money borrowed when the notes
fell due, the defendant was to be the absolute owner of
said insurance policy. He also averred in said answer
that the money paid to him by the insurance company
had been paid out in the liquidation of his indebtedness,
and that he had not invested it in any property which
was in his possession. Under the order of the court, the
receiver who was appointed obtained from the defend-
ant a horse and also the notes and mortgages which
were given for the purchase price of three mules sold to
different persons.

The evidence for the complainant shows that a part of
the money received by the defendant was invested in a
horse and in the mules referred to; and that the defend-
ant was insolvent.

The defendant as a witness in his own behalf denied
having invested the money received from the policy in
the horse and mules, but claimed to have used the money
in the payment of his individual debts. The defendant
moved to dismiss the bill for the want of equity and de-
murred to the bill, assigning several grounds, as show-
ing that the bill was without equity.

Upon the final submission of the cause on the plead-
ings and proof, the chancellor overruled the motion to
dismiss and the demurrers, and decreed that the com-
plainant was entitled to the relief prayed for, and

ordered the receiver to sell the property which had come into his hands and to pay the proceeds thereof to the complainant. From this decree the complainant appeals, and assigns the rendition thereof as error.

After the appeal was taken to this court, the bankruptcy of the appellant was suggested, and the cause was revived in the name of W. A. Culver, as trustee, appointed in the bankruptcy proceedings.

ARTHUR L. BROWN and O. KYLE, for appellant.— Under the averments of the bill a receiver should not have been appointed without notice.—*Pollard v. Southern Fertilizer Co.*, 122 Ala. 409; *Bank v. U. S. Sav. & Loan Co.*, 104 Ala. 297; *Thompson v. Manufacturing Co.*, 87 Ala. 733.

The assignment of policy to Winton will be upheld, if made in a court of equity.—*Hannon v. Christopher*, 34 N. J. Eq. 459; *Education v. Duparquet*, 50 N. J. Eq. 201. And this is true, whether the money was then earned or due on the policy of insurance, or was to become due. *Perkins v. Butler*, (Neb.), 62 N. W. Rep. 308; *Hassie v. Congregation*, 35 Cal. 388; *Field v. Mayer*, 6 N. Y. 179.

A careful consideration of the evidence in the case at bar will doubtless convince the court that there was an absolute assignment of all of Guyer's interest in the policy to Winton ,and his subsequent contention was an afterthought. If so, the title to the money passed to Winton.—*Behr v. Gerson*, 95 Ala. 438; *Ins. Co. v. Tunstall*, 72 Ala. 142; *Ghowne v. Bayliss*, 31 Blar. 351; *Pass v. McCrea*, 36 Miss. 143; *Kimball v. Donald*, 20 Mo. 577; 2 Story Eq. Jur., § 1047.

E. W. GODBEY, *contra*.—It is familiar practice for equity to assume jurisdiction of assignments of life insurance policies of larger value than the consideration received, and to compel an accounting for the excess, whether assigned as collateral security or absolutely, "and equity will regard it in legal effect as collateral security in the one case as well as in the other."—*Helmetag v. Miller*, 76 Ala. 183; *Roller v. Bean*, 6 L. R. A. 136;

2 Am. & Eng. Encyc. Law, (2d ed.), 1084.

In no case will a court of equity refuse to entertain a bill, on account of the conversion of collaterals,—which are trust property.—*Brown v. Runnells,* 14 Wis. 695-97; Colebrook Collat. § 287; *Sharpe v. Nat. Bank,* 87 Ala. 644, 650.

Where the pledgee is insolvent, equity readily assumes jurisdiction.—*Nelson v. Owen,* 113 Ala. 372; *Daniels v. Lowery,* 92 Ala. 519; *Hieronymus Bros. v. Glass,* 120 Ala. 46; *Holmes v. Gilman,* 20 L. R. A. 556.

McCLELLAN, C. J.—The verification of the bill of complaint was sufficient without the subscription of the affiant to the affidavit; the rule of practice not requiring subscription.—Rule 15, Code, p. 1205; 1 Ency. Pl. & Pr. 315; *Watts v. Womack,* 44 Ala. 605.

The bill being thus properly verified, its averments as to respondent's insolvency and the imminent danger of his immediately disposing of the trust property before a receiver could be appointed if he had notice of the application for a receiver, the facts being stated, authorized the appointment of a receiver without notice.—*Hendrix v. A. F. L. M. Co.,* 95 Ala. 313; *Werborn v. Kahn,* 93 Ala. 201; *Pollard v. Southern Fertilizer Co.,* 122 Ala. 409; *Bank of Florence v. U. S. S. & L. Co.,* 104 Ala. 297; *Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370. We do not consider the question discussed by appellee's counsel whether an order appointing a receiver can be reviewed on an appeal taken from the final decree after thirty days from the appointment, as it is not necessary to decide it.

That the bill has equity to charge the respondent as trustee for the amount he received on the surrender of the policy in excess of the amount he paid the assured for or upon the collateral security of the policy, and this whether the policy was transferred to the respondent absolutely or merely to secure a debt due him from the assured, is fully settled in the case of *Helmetag's, Admr. v. Miller,* 76 Ala. 183, which is cited with approval in *White v. Equitable Nuptial Benefit Union,* 76 Ala. 262-3, in *Ala. Gold Life Ins. Co. v. Mobile Mutual Ins. Co.,* 81 Ala. 332, and in *Stoelker v. Thornton,* 88 Ala. 246.

[First National Bank of Anniston v. Lippman.]

The excess of money received by the respondent on the policy beyond what he paid complainant for it or beyond the debt which complainant owed him secured by the policy, as the case may be, having been received by respondent in trust for complainant, it is elementary that complainant can follow the fund into whatever property respondent has converted it, and subject such property.

Of course the fact of conversion into other property and the identity of the other property sought to be subjected with that into which the conversion was made must be proved to the reasonable satisfaction of the court; and we concur with the chancellor that a part of the fund here in question was invested by respondent in the horse now in possession of the receiver and in other live stock which was sold by respondent and for the price of which he took the securities now in the hands of the receiver.

The decree of the chancery court will, therefore, be affirmed.

Affirmed.