# Troy *v*. London.

*Action on Insurance Policy.*

(Decided Dec. 19, 1905, 39 So. Rep. 713.)

*Insurance; Assignment; Insurable Interest; Presumption.*—When an executrix claims the proceeds of a policy issued upon the life of another, and transferred by assignment to her testa-

[Troy v. London.]

tor to secure an indebtedness, present and prospective, the burden was upon her to allege and prove an existing indebtedness; as there is no presumption that testator had an insurable interest in plaintiff's life sufficient to sustain the assignment.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Alexander T. London sued the Mutual Life Insurance Co. to recover a dividend due upon a certain policy of insurance issued by said Company upon his life. The Insurance Company answered that the amount was due, and paid the fund into court, alleging and making affidavit that the executor of D. S. Troy, deceased, Florence Troy, claimed the money. The executrix filed a claim setting up that the policy had been transferred and assigned to her decedent in writing,, for a valuable consideration, and had never been reassigned or transferred to London. Demurrers were sustained to this plea and claim, and another claim was filed setting forth the paper writing transferring the claim in full. This writing showed that it was transferred to protect claimant's decedent from liability on account of any endorsement for plaintiff London, and to secure him for any sum that London might owe him then or thereafter, and for no other purpose. The claim contained no averment that decedent's estate was liable for any endorsement for plaintiff, or that plaintiff was indebted to decedent or his estate in any manner. Demurrers were interposed and sustained raising the questions last above set out, and from this order this appeal is taken.

THOS. H. WATTS, for Appellant.—It was unneccessary to allege that there were eidorsements for which the estate was liable, or that plaintiff in the court below was indebted to the decedent. If the debts or liability for which the transfer was made to secure had been paid that was a matter of defense not necessary to be alleged in the claim.

LONDON & LONDON, for Appellee.—The demurrers were properly sustained. To make a triable issue, when

money is paid into court, the claimant must propound his claim in writing, which must contain all the averments necessary to show title in the claimant.—*Johnson v. Marey*, 43 Ala. 539; *Coleman v. Chambers*, 127 Ala. 615-620.

A person claiming as assignee of a life policy, must allege and prove an insurable interest, and a complaint, merely alleging an assignment to a third person is demurrable.—*Ala. Gold Life Ins. Co. v. Mobile Co.*, 81 Ala. 329-333.

An assignment of a life policy by the assured to one having no insurable interest in the life of the insured, if absolute, is illegal, and void, on grounds of public policy. —*Helmetag's Admr. v. Miller*, 76 Ala. 183; *Ala. G. L. Ins. Co. v. Mobile Co.*, 81 Ala. 329-333; *Stockler v. Thornton*, 88 Ala. 241; *Spies v. Stikes*, 112 Ala. 584; *Culver v. Guyer*, 129 Ala. 602; *Warnock v. Davis*, 104 U. S. 775; *Franklin Ins. Co. v. Haggard*, 41 Ind. 116; *Insurance Co. v. Sturges*, 18 Kan. 93; *Price v. First National Bank*, 62 Kan. 743; *Schlamp v. Berner's Admr.*, 21 Ky. L. R. 343, 51 S. W. 312; *Heusner v. Mutual L. Ins. Co.*, 47 Mo. App. 336; *Powell v. Dewey*, 123 N. C. 103; *Downey v. Hoffner*, 110 Pa. 109; *Gilbert v. Moose's Admr.*, 104 Pa. 74; *Cheeves v. Anders*, 87 Tex. 287; *Schonfield v. Turner*, 75 Tex. 324 7 L. R. A. 189; *Long v. Meriden Co.*, 94 Va. 594.

If such assignment is made as collateral security, it is only valid to the extent of the money paid with interest.—*Helmetag's Admr. v. Miller*, 76 Ala. 183; *Schonfield v. Turner*, 75 Tex. 324 7 L. R. A. 189; *Warnock v. Davis*, 104 U. S. 775.

HARALSON, J.—In 1887 the plaintiff insured his life in the Mutual Life Insurance Company of New York, and on the 22d of June, 1903, he commenced this action against the company to recover an amount alleged to be due to him by the terms of the policy. The company set up that the claimant, Florence L. Troy, as executrix of the will of Daniel S. Troy, deceased, claimed the fund, paid the same into court, and asked that said executrix be required to come in and defend the suit.

[Troy v. London.]

Upon notice, the executrix came, and, propounding her claim, stated that on the 10th day of November, 1887, the plaintiff transferred and assigned to her testator the policy of insurance sued on, which had never been re-transferred to the plaintiff and which was the property of the claimant. The written assignment states, "To protect D. S. Troy from any and all liability of or on account of any indorsement for me, and to secure him from any and all such sums as I may owe him now or hereafter, I have this day assigned to him all my interest in policy No. 309,642 in the said Mutual Life Insurance Company of New York, by the assignment attached hereto, and bearing even date herewith."

The plaintiff demurred to the claim thus set up by the executrix, on the ground, in substance, that it is not alleged that at the time of bringing this suit or the filing of this claim, the testator or his estate was liable on any indorsement for plaintiff, or that plaintiff was indebted to claimant's testator, or his estate, in any sum whatever, or to what extent he was liable for plaintiff, nor to what extent plaintiff is indebted to the testator or his estate.

The contention of the plaintiff as raised by the demurrer to the claim ,is that claimant should have alleged and assumed the burden of proving, that the intestate was still liable under some indorsement or security for the plaintiff, or that he was owing his estate some debt, which the assignment was designed to secure, or protect from loss. The contention of claiminat is, that the burden was on plaintiff to show that there was no such outstanding indorsement or liability for indebtedness to claimant's testator.

If there was no indorsement by the testator for plaintiff, or no indebtedness by him to testator, such as in either case, the assignment was designed to protect him, he would have had no insurable interest in plaintiff's life, and the assignment would have been illegal and void as a wager policy.—*Helmetag's Admr. v. Miller*, 76 Ala. 183, 52 Am. Rep. 316. In such case there is no presumption of an insurable interest, and the burden is on the assignee to prove such interest, it being material and requisite to his right of recovery.—*Ala. G. L. Ins.*

*Co. v. Mobile Co.,* 81 Ala. 329, 1 South. 561; *Stoelker v. Thornton,* 88 Ala. 241, 6 South. 680, 6 L. R. A. 140; *Elsberg v. Sewards,* 66 Hun. 28, 21 N. Y. Supp. 10; 19 Am. & Eng. Ency. Law (2d Ed.) 87.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.

*Action on Insurance Policy.*