175 So. 391

**PROTECTIVE LIFE INS. CO. v. FISCHER.**

**7 Div. 432.**

Supreme Court of Alabama.
June 24, 1937.

Isbell & Beck and Scott & Dawson, all of Fort Payne, for appellee.

C. A. Wolfes, of Fort Payne, and Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

BROWN, Justice.

This is an action of assumpsit by appellee against appellant for an alleged breach of the conditions of a policy of life insurance issued by the defendant to the plaintiff's husband, Erby Johnson Fischer, insuring his life in the sum of $1500.00 and naming the plaintiff as beneficiary, but reserving the right, in the insured, to change the beneficiary without her consent.

The policy was issued in connection with the application of said Fischer for a loan of $1,500 made by the defendant to him, secured by mortgage; and the policy was delivered to the loan department of defendant, in accordance with the terms of the loan application, as additional security for the payment of the loan.

The policy was dated December 1, 1935, but the application therefor did not receive the approval of the defendant until March

438

4, 1936, on which date the policy was delivered to said loan department in accordance with the written agreement of Fischer executed December 30, 1935.

The insured was stricken about March 22, 1936, was removed to the hospital where an operation was performed, and he died on April 2, 1936.

His death was caused by a ruptured ulcer of the duodenum—the connecting link between the stomach proper and the small intestines—followed by peritonitis.

The policy and the application carried the usual stipulation that "the policy shall not take effect until delivered during the lifetime and good health of the insured."

In answering question 13, in the medical examination, "Name below all causes for which you have consulted a physician or any practitioner in the last ten years: (If none so state)," insured answered: "Illness, ptomaine poisoning; one attack; May, 1930; severity and duration, mild; remaining effects, none; attending physician, Dr. B. M. Clayton." He also stated in answer to question 14, that he was in good health so far as he knew or believed; and question 15, that no medical examiner or physician or practitioner, formally or informally, had expressed any unfavorable opinion as to his health. And to question 17, that he had never been under observation, care, or treatment in any hospital, sanitarium, asylum, or similar institution.

The medical testimony shows that the ulcer disclosed by the operation was about the size of a half-dollar "including the cankerous portion around it"; that there was tissue that looked like old scar tissue underneath the ulcer and the tissues between the ulcer and the pyloric valve were pink and looked healthy. "There was a hole in the wall of this cankerous area about the size of a match stick going through the stomach wall."

The insured was in a hospital for observation and examination in 1931, and was examined by Dr. Seal Harris, who testified: "At the time Mr. Fischer was here and I examined him I discussed his condition with him. I told him he had this ulcer. * * * In my experience in the treatment of these cases and my observation of these types of cases of ulcer, I would say that mortality in neglected cases like that over many years the average would be 30% or 40% in the treated and untreated cases. In the cases properly treated there will be about 90% that get well in the earlier

stages, without an operation—from proper treatment in the earlier stages, but in this type that he had, the great majority do not recover without an operation."

There was evidence going to show that a course of treatment was prescribed; that Fischer was treated and improved, becoming apparently normal, and resumed and continued his work up to a short time before he was stricken with his last illness.

The complaint consists of a single count in the form prescribed by the statute which avers that: "Said policy is the property of the plaintiff."

The pleas were the general issue, fraudulent representation in the application, and breach of warranties in respect to the insurance, pleaded in short by consent. Along with its plea the defendant deposited the sum of $41.98 for the plaintiff as "all premiums paid on the policy."

The case proceeded to trial without objection to the insufficiency of the deposit, and the cause was submitted by the court to the jury on all the issues presented by said pleas, the trial resulting in a verdict and judgment for the plaintiff.

■ The appellee now insists that the evidence shows that said deposit was short by $4.05, and therefore appellant is precluded by section 8365 of the Code, from insisting on any ruling of the court in respect to said defenses of fraud in the application as error on the appeal, citing in support of this insistence, Allen et al. v. Standard Ins. Co., 198 Ala. 522, 73 So. 897.

The pertinent provision of the statute is: "and no plea of misrepresentation or fraud in the application shall be filed unless accompanied by a payment into court, for the plaintiff, of all premiums paid on the policy." Code, § 8365. In Allen et al. v. Standard Ins. Co., supra, it does not appear that any effort was made by the defendant to comply with this requirement of statute. It was held that such payment into court was a prerequisite of the right to file such plea; that the consent to plead in short was not in and of itself a waiver of such payment into court, and the failure of compliance with the statute could be raised by objection to the evidence, motion to exclude, or by proper requested instruction.

So far as appears in the instant case, no objection was made to the sufficiency of the tender, and we are of opinion that it would be both unfair and unjust to permit the question to be raised for the

first time on appeal. That appellee by proceeding with trial to its conclusion without objection waived the right to insist on the insufficiency of the tender. Clearly the statute does not require such payment to be pleaded as in case of ordinary tender, and the question of such payment is not properly a part of the plea, but is merely a prerequisite to the right to file such plea, and in the absence of appropriate objection to the amount and sufficiency of the payment into court, the insufficiency of such payment does not become either an issue of law or fact in the case.

 It is settled law that stipulations in the policy of life insurance that no obligation is assumed and no liability under the policy shall attach unless the policy is delivered while the insured is alive and in good health is a warranty, and is breached if the insured is suffering from an affliction or disease which increases the risk of loss at the time the policy is delivered. Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16; Southern Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540.

The excerpt from the oral charge of the court made the predicate for the fourteenth assignment of error, which asserted that, if "the insured was in good health at the time the policy was issued to him *or at the time he made the application for the same*" the verdict should be for the plaintiff, was infected with positive error of law and the instruction was not rendered innocuous by the charge as a whole. Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23. (Italics supplied.)

The court also erred in refusing defendant's special written charge 13, made the predicate for assignment of error 28.

The court, at the request of the plaintiff, in writing gave the following charge: "I charge you, that if you find for the plaintiff, you should find for the face of the policy, but the interest should be calculated and allowed from the date the defendant had notice of that fact only, and not from the date of the insured's death." This charge was made the basis of one of the grounds of the motion for new trial, and inasmuch as the case is reversed, we deem it proper to treat the question presented by this instruction to the jury.

There was evidence showing that payment on the loan by the defendant to Fischer had been made, amounting to between $40 and $50. The plaintiff's beneficial interest in the policy or the money due thereon, if anything was due thereon, would be the difference between the amount of the debt due the defendant on account of the loan and interest and the amount due on the policy. Union Ins. Soc. of Canton, Limited, v. Sudduth et al., 212 Ala. 649, 103 So. 845; Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am.St. Rep. 152.

And the defendant's beneficial interest was equal to the amount of the mortgage debt and interest. Alabama Gold Life Ins. Co. v. Mobile Mut. Ins. Co., 81 Ala. 329, 1 So. 561; Troy v. London, 145 Ala. 280, 39 So. 713; Culver, Trustee, etc., v. Guyer, 129 Ala. 602, 29 So. 779.

The other questions argued by appellant have not been considered, as they will probably not arise on other trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.