# Griffin *v*. Bass Foundry & Machine Co.

*Action to recover Damages for Breach of Contract.*

1.  *Action for breach of contract; when variance shown.*—In an action which seeks to recover damages for the breach of a contract, which the complaint avers was absolute, where the evidence shows that the contract counted upon was not absolute, but was conditional, there is a variance between the ,contract counted upon and the one proven, entitling the defendant to the general affirmative charge.
2.  *Trial and its incidents; when judgment not reversed although error in trial court's ruling.*—When on the undisputed facts in a case, there is judgment rendered for the defendant, and it appears on appeal that the defendant was entitled to the general affirmative charge, errors committed by the court in special rulings do not constitute a ground for the reversal of the judgment appealed from; such errors being, under the circumstances, without injury to the appellant.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This was a suit brought by the appellant, W. H. Griffin, against the appellee, the Bass Foundry & Machine Company, to recover as damages the reasonable profits which plaintiff would have made under a contract with the defendant, if the defendant had complied with its said contract. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. From this judgment the plaintiff appeals; and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. H. HANNA, for appellant.

BURNETT, HOOD & MURPHREE, *contra*.

[Griffin v. Bass Foundry & Machine Co.]

TYSON, J.—This is an action for damages for an alleged breach of a contract.

The complaint avers that the defendant agreed to pay for the cutting of wood and the royalty on the same, and that the breach consisted in its failure to do so. The negotiations between the parties resulting in a final agreement between them is shown by several writings. A number of letters and the original draft of the contract embody the terms and stipulations finally agreed upon. These several writings must, therefore, be looked to for the purpose of ascertaining what were the terms of the contract.

It is true that defendant agreed to advance to the plaintiff money to pay for the cutting of wood and the royalty on same. But its promise to advance the money to pay the royalty, if not for the cutting of the wood, was upon condition that a timber deed be made to it covering the right of possession and right of way. The obligation of defendant to pay being conditional and not absolute, the condition and its performance should have been averred in the complaint.—*Griel v. Solomon,* 82 Ala. 85. This not being done, there is clearly a variance between the contract counted upon and the one proven. Besides, the condition having been shown and no performance of it proven, no breach of the contract as alleged is shown.

The affirmative charge, if requested, could well have been given for the defendant. This being true, whatever of errors may have been committed in the giving or refusing of charges is without injury.—*The Bienville Water Co. v. City of Mobile,* 125 Ala. 178.

Affirmed.