# United States H. & A. Co. *v*. Veitch.

*Action on Insurance Policy.*

(Decided June 10, 1908. 50 South. 95.)

1. *Insurance; Life Insurance; Action on Policy; Complaint.*—A complaint in an action on a life insurance policy should specify the time for which the life was insured and show that death resulted during the life of the policy. (Sec. 5382, Form 12, Code 1907.)

2. *Same; Variance.*—A health and accident policy is not admissible in support of a complaint declaring on a life insurance policy.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Mrs. Mary B. Veitch against the United States Health & Accident Company, on an insurance policy. Judgment for plaintiff and defendant appeals. Reversed and remanded.

G. F. GOODWYN, for appellant.—Counsel discuss assignments of errors seriatim but without citation of authority.

BUSH & BUSH, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—The complaint was evidently intended to be in Code form, and declared upon a policy of life insurance (Code 1907, vol. 2, p. 1196, § 5382, form 12). It was as follows: "Complaint in the City Court of Bessemer. *Mary B. Veitch, Plaintiff. v. United States Health & Accident Company,* a Body Corporate, Defendant. The plaintiff claims of the defendant seven hundred dollars due on a policy, whereby the defendant on the 12th day of April, 1907, insured the life

[United States H. & A. Co. v. Veitch.]

of Richard C. Veitch, who died on the 21st day of November, 1907, of which the defendant has had notice. Said policy is the property of the plaintiff. (Signed) Bush & Bush Attys. for Plaintiff."

The complaint was insufficient, in that it did not specify the time for which the life in question was insured, nor otherwise shows that death resulted during the life of the policy. This much was necessary, because the Code form contains such allegations or averments. The complaint declares upon a policy of life insurance, while the policy or contract of insurance introduced in evidence was not a life insurance policy at all. It was a "health and accident insurance policy," an entirely different contract from the one declared on; and, not being the contract declared on, it was, of course, not admissible in evidence. This being the only contract offered in evidence, the court should have given the affirmative charge for the defendant, and should have refused that given for plaintiff. It was by no means conclusively shown that the death of the insured was within the terms of the contract of accident insurance policy offered in evidence. By its terms it only insured against death or injury, when resulting from "external, violent, and accidental means." The evidence was not at all conclusive that the death was thus caused, or thus resulted.

The judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.