# Patterson *v.* Grand Lodge K. of P.

*Assumpsit.*

(Decided June 30, 1909.    50 South. 377.)

1. *Insurance; Action on; Complaint.*—A complaint upon a policy of insurance issued upon the life of a third person is demurrable if it does not show that such person died within the term for which his life was insured, that the policy·was in force at the time of his death, that it was payable to the plaintiff, and that plaintiff had an insurable interest in the life of said third person.

2. *Same.*—A complaint in an action on an insurance policy laid in the form provided in the Code is sufficient.


APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Willie Patterson against the Grand Lodge of Knights of Pythias. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint contained the following counts:    (1) "Plaintiff claims of the defendant the sum of $400, with interest thereon, due on a policy whereby the defendant on, to wit, the 1st day of January, 1902, insured for the terms of, to wit, one year the life of Daniel Patterson, who died on, to wit, the 10th day of April, 1905, of which the defendant has had notice. Said policy is the property of the plaintiff." (2) Same as 1, except that

[Patterson v. Grand Lodge K. of P.]

the insurance is alleged to have been issued on the 1st day of January, 1905, for the term of one year. (3) "Plaintiff claims of defendant the further sum of, to wit, $400, with interest thereon, on a policy of insurance whereby the defendant on, to wit, the 10th day of September, 1902, insured for the term of, to wit, his natural life, Daniel Patterson, who died on, to wit, the 10th day of April, 1905, of which the defendant has had notice. Said policy is the property of the plaintiff." (4) Same as 3. (5) "Plaintiff claims of the defendant $350, with interest thereon, due on a policy whereby the defendant on, to wit, the 10th day of September, 1903, insured the life of Daniel Patterson, and agreed and promised, in case of the death of said Patterson during the third year of said policy, to pay plaintiff $350; that said Daniel Patterson died on, to wit, the 10th day of April, 1905, of which defendant has had notice. Said policy is the property of the plaintiff." (6) "Plaintiff claims of the defendant $350, with interest thereon, for that the defendant is a fraternal or benevolent association issuing policies of insurance upon the lives of its members; that on, to wit, the 10th day of September, 1902, the defendant issued a policy of insurance upon the life of one Daniel Patterson, who was at that time a member of such association, wherein it agreed to pay to the widow, heirs, or legal representatives of said Daniel Patterson the sum of $350 in case of the death of said Daniel Patterson during the third year of his membership or thereafter; that said Daniel Patterson died during the third year of such membership or thereafter, on, to wit, the 10th day of April, 1905, of which defendant has had notice; that plaintiff is the son of said Daniel Patterson, and that Daniel Patterson left surviving him no other children, nor the descendants of deceased children; that he left no will,

[Patterson v. Grand Lodge K. of P.]

.and no administration has ever been granted on his estate; that he left no widow surviving him."

Demurrers were interposed to the suit as follows: Counts 1, 2, and 3 of the complaint: (1) It does not show that the insured died within the term for which the life was insured. (2) It does not show that the .policy sued on was in force at the time of the death of the insured. (3) It does not show that the policy was payable to the plaintiff. (4) It does not show that the plaintiff had an insurable interest in the life of the insured. (5) It does not show what relation the plaintiff bears to the insured. (6) It does not show how the policy is the property of the plaintiff." No other demurrers appear in the record.

ARRINGTON & HOUGHTON, for appellant. The word, "heirs" when used in a policy must be held to mean distributees or next of kin.—*Thompkins v. Levy,* 87 Ala. 263; 30 L. R. A. 593; Id. 609; 3 L. R. A. (N. S.) 904, and notes to each. If plaintiff was entitled to only a portion of the policy, he was entitled to sue alone to recover his share.—*Capital C. I. Co. v. Jones,* 128 Ala. 361; *Davis v. Orme,* 36 Ala. 540; *Smith v. Wylam,* 22 Ala. 396.

FRED S. BALL, for appellee. The 6th count stated ·substantially the same cause of action as the other counts and if it was error to sustain demurrer to them, it was without injury.—*Carlton v. C. of Ga. Ry. Co.,* 46 South. 495; *Bradley v. L. & N.,* 149 Ala. 545; *L. & N. v. York,* 128 Ala. 305. If the policy was payable to both the widow and the heir, the heir could not recover suing alone.—Sec. 3763, Code 1907; 4 Cooley's Briefs ·on Insurance, pp. 3726, 3733, 3742; 2 May on Insurance sec. 399; Bliss on Insurance, 319.

ANDERSON, J.—Counts 1 and 2 are bad, and were subject to the demurrers interposed thereto.

Counts 3, 4, 5, and 6 were not subject to the demurrers, which should have been overruled. Form 12, p. 1196, of the Code of 1907. Nor can we say that amended count 6, the one upon which the case was tried, covered the other counts, or that it affirmatively appears beyond dispute that the policy described in said sixth count was the only one ever issued to Daniel Patterson.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.