# Pence v. Mutual Ben. L. Ins. Co.

## Assumpsit.

(Decided April 17, 1913.  61 South. 817.)

1. *Insurance; Action on Policy; Complaint.*—In an action on a life insurance policy, a complaint which does not allege that the policy covered the terms of the natural life of the insured, or that it covered any fixed or definite number of years, is insufficient, in failing to show that it included the date of the death of the insured.  (Form 12, section 5382, Code 1907.)

2. *Same.*—A complaint in an action on an insurance policy which alleges that defendant insured the life of the insured in a life policy of fourteen annual premiums, did not show that the policy covered the period of fourteen years from the date of its issuance, or that it covered insured's natural life, or any definite number of years.

3. *Appeal and Error; Harmless Error; Pleading.*—Where demurrers were overruled to one count of the complaint, the fact that

demurrers were sustained to another count identical in form, is harmless, as the plaintiff could get the full benefit under the count held good.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Action by Eliza A. Pence against the Mutual Benefit Life Insurance Company on the policy issued on the life of Charles C. Pence. From a judgment for defendant plaintiff appeals. Affirmed.

J. M. MILLER, for appellant. There is no necessity to cite any other authority to show that the complaint was good except Form 12, section 5382, Code 1907.

JOHN R. TYSON and WILLIAM CUNNINGHAME, for appellee. Both counts 2 and 3 were subject to the demurrers interposed, as they were not in Code form, and were defective for a failure to allege the terms of the insurance.—*U. S. H. & A. v. Veitch*, 161 Ala. 630; *Patterson v. Grand Lodge K. of P.*, 162 Ala. 430.

ANDERSON, J.—Form 12, p. 1196, of the Code of 1907, provides, among other things, that, in actions upon a policy of life insurance, the plaintiffs should aver the term of the policy or the period covered by same. In other words, the complaint should aver that the policy covered the life of the insured, or a certain number of years, so as to show that it included the date of the insured's death. Count 2 of the present complaint, while averring that the defendant insured the life of Chas. C. Pence, does not show that the said policy was for the term of his natural life, or that it covered any fixed or definite number of years. From aught that appears, the defendant may have insured the life of said Chas. C. Pence for a period which expired before his death. This count is not only not in Code form, but

is identical with the one held bad in the case of *United States Co. v. Veitch,* 161 Ala. 630, 50 South. 95. Nor does it conform to count 3, which was held to come up to the Code form in the case of *Patterson v. Grand Lodge of K. of P.,* 162 Ala. 430, 50 South. 377.

Count 3 is little better than count 2 but does not conform to form No. 12. It does say that the defendant "insured the life of Chas. C. Pence in a life insurance policy of 14 annual premiums"; but this does not show that the said policy covered the date of the insured's death. It does not show that the policy covered the period of 14 years from the date of its issuance, or that it covered the natural life of the insured or any definite number of years. He may have taken out a policy with premiums payable in 14 annual premiums, but which did not necessarily cover the 14 years succeeding the issuance of same.

On the other hand, if said count 3 means that the policy was for a term of 14 years, then it would be identical with count 1, which was held good, and the trial court would not be reversed for sustaining a demurrer to same, as the plaintiff could get the full benefit thereof under said good count 1.

The judgment of the law and equity court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.