# United States Health & Accident Ins. Co. v. Savage.

## Assumpsit.

(Decided January 22, 1914.   64 South. 340.)

1. *Insurance; Complaint; Requisites.*—A complaint in an action on an insurance policy in the form prescribed by the Code must contain a description of the policy declared on to the extent of its date and the term of its operation.

2. *Same; Pleading and Proof; Variance.*—A complaint alleging that plaintiff claimed $300 on a policy whereby the defendant insurance company on March 15, 1909, insured for three years the life and health of plaintiff, who suffered a disability by illness from July 16, 1909, to January 1, 1910, of which defendant had notice, etc., and the contract introduced and proven was made as alleged on March 5, 1909, but provided that the insurance would expire one month after the date of the policy but might be consecutively renewed from term to term subject to all conditions on payment of monthly premiums in advance, and that acceptance of any renewal premium should be optional with the company, which might cancel the policy at any time by mailing written notice to the insured, the complaint was not supported by the contract shown and the variance was fatal.

3. *Pleading; Variance; Videlicet.*—A videlicet will not avoid a variance in pleading nor dispense with exact proof in an allegation of a material matter.

4. *Same; Availability.*—Prior to the adoption on June 23, 1913, of Circuit Court Rule 34, an objection for variance was sufficiently presented by an unexplained request for affirmative instructions.

[United States Health & Accident Ins. Co. v. Savage.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by J. J. Savage against the United States Health & Accident Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows: "Plaintiff claims of defendant $300 due on a policy whereby defendant, on, to wit, the 15th day of March, 1909, insured for the term of, to wit, three years, the life and health of plaintiff, J. J. Savage, who suffered disability by reason of illness from, to wit, July 16, 1909, to January 1, 1910, of which defendant has had notice. Said policy is the property of plaintiff."

The contract of insurance proved by plaintiff, by secondary evidence, the writing having been lost, was made as alleged on or about March 15, 1909, but contained the following provision: "This insurance will expire one month from the time this policy is dated at 12 o'clock noon, standard time, at the place where issued but may be consecutively renewed from term to term, subject to all of its conditions upon the payment of the monthly premium in advance." It contains a provision also that the acceptance of any renewal premium shall be optional with the company, and that the company may cancel this policy at any time by mailing written notice to the assured, etc.

The complaint was amended by the addition of several of the common counts, but no evidence is offered in support of those counts. The court refused the affirmative charge in writing requested by defendant, and there was judgment for plaintiff for $348.

ABBOTT & DAUGETTE, and R. PERRY SHONTS, for appellant. The 6th, 7th and 8th grounds of demurrer to

[United States Health & Accident Ins. Co. v. Savage.]

the complaint were improperly overruled.—59 Atl. 535; 104 N. W. 374; 73 Atl. 168; 87 S. W. 46; 101 N. Y. Supp. 106; 111 N. W. 502. The court erred in sustaining demurrers to pleas 5 and 16.—*Mut. L. I. Co. v. Allen*, 56 South. 568; *Hunt v. Preferred A. I. Co.*, 55 South. 201; *Aetna L. I. Co. v. France*, 91 U. S. 510; 96 Pac. 62; 46 South. 817; 112 N. Y. Supp. 1095. There was a fatal variance between the allegation and the proof, and the court should have directed a verdict for defendant.— *U. S. H. & A. v. Veitch*, 50 South. 95; *McGhee v. Drisdale*, 111 Ala. 600; *M. & O. R. R. Co. v. George*, 94 Ala. 199.

GASTON & PETTUS, for appellee. The complaint was in the form prescribed by section 5382, form 12, Code 1907, and is good.—*Norwich U. F. I. Co. v. Prude*, 145 Ala. 297; *Com. F. I. Co. v. Cap. City F. I. Co.*, 81 Ala. 320; *Phoenix I. Co. v. Moog*, 78 Ala. 284. If there was error in sustaining demurrer to pleas, it was without injury as defendant had the benefit of these defenses under other pleas.—*Perry v. Dozier*, 161 Ala. 309; *Booth v. Dexter*, 118 Ala. 369. The terms were laid under a videlicet, and the contract did not have to be strictly proved.—*Simpson v. Tolbert*, 25 Ala. 469; *Howard v. Ingersoll*, 23 Ala. 573; *McDade v. State*, 20 Ala. 81. There was, therefore, no variance—31 Cyc. 705. Defendant waived any right of waiver it may have had growing out of any alleged breach of warranty.—*U. S. L. I. Co. v. Lesser*, 126 Ala. 569; *G. H. I. Co. v. Allen*, 128 Ala. 451.

SOMERVILLE, J.—The complaint is in the Code form (Code 1907, p. 1196). This form, though simple and concise, requires a description of the policy sued on to the extent of its date and the term of its opera-

tion. As averments descriptive of the contract, these matters are material and essential, and a substantial variance between the averments of the complaint and the terms of the contract offered in evidence to support it is fatal to any recovery, if objection is seasonably made by the defendant in the trial court.

The variance here apparent was, under all the authorities, a fatal variance, and the trial court erred in refusing the peremptory instruction requested.—9 Cyc. 750e; 31 Cyc. 710, 716; *McLendon v. Godfrey,* 3 Ala. 181; *Jordan v. Rooney,* 23 Ala. 758; *May & Bell v. Miller,* 27 Ala. 515; *Mason v. Hall,* 30 Ala. 599; *Boylston v. Sherran,* 31 Ala. 538; *Gamble v. Kellum,* 97 Ala. 677, 12 South. 82; *U. S. H. & A. Co. v. Veitch,* 161 Ala. 630, 50 South. 95.

It is urged by counsel for appellee that the variance is avoided by the use of a videlicet in the complaint. But as pointed out by Mr. Greenleaf: "A videlicet will not avoid a variance, or dispense with exact proof, in an allegation of a material matter."—1 Greenl. on Ev. § 60, cited with approval in *B. R. L. & P. Co. v. Lide,* 177 Ala. 400; 58 South. 990, 991.

Under the new rule of circuit court practice (rule 34, as adopted June 23, 1913 [175 Ala. p. xxi]), a variance is available to the opposite party only upon proper and seasonable objection to the alleged variant evidence. But under the former rule, which prevailed when this case was tried the objection was sufficiently presented by an unexplained request for the affirmative charge to the jury.—*Adler v. Martin,* 179 Ala. 97, 59 South. 597.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.