[Eminent Household Columbian Woodmen v. Gallant.]

# Eminent Household Columbian Woodman *v.* Gallant.

## *Assumpsit.*

(Decided October 14, 1915.  69 South. 884.)

1. *Insurance; Life Policy; Action.*—Where the complaint was in Code form as upon a life insurance policy, and set out that the policy was for five years or for life, and gave the date of the death of the insured during the five year period, it was sufficient, and showed that the policy was in existence when the insured died.

2. *Appeal and Error; Review; Objections Below.*—Defects in a complaint not pointed out by demurrer cannot be considered or reviewed on appeal.

3. *Same; Harmless Error; Pleading.*—Although demurrer was erroneously sustained to some of defendant's pleas, it was harmless where defendant had advantage of the same defense under other pleas.

4. *Insurance; Life Policies; Defenses.*—Reading sections 4562 and 4572, Code 1907, together, it is held that a fraternal insurer, unless it falls within the designation of a secret benevolent order, cannot avoid a life policy on the ground of misrepresentations not affecting the risk.

5. *Same; Evidence.*—Although a policy includes injuries not resulting in death, and provides a graduated amount in case of death within five years, it may yet be a life policy.

6. *Same.*—In an action on a life policy, where plaintiff proved the material averments of the complaint, and defendant did not establish its special pleas, the court properly directed a verdict for the plaintiff.

7. *Same; Affray.*—Where the insured was shot and killed by another, before he committed any act other than to curse and abuse his assailant, he cannot be said to have been killed in an affray.

APPEAL from Etowah Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by J. A. Gallant as administrator of the estate of William H. Lee, deceased, against the Eminent Household of Columbian Woodmen, upon a benevolent covenant or life policy. Judgment for plaintiff and defendant appeals. Affirmed.

[Eminent Household Columbian Woodmen v. Gallant.]

The complaint is as follows: "Plaintiff, who sues as administrator of the estate of William H. Lee, deceased, claims of defendant $2,000, due on a policy, whereby defendant, on August 17, 1909, insured for a term of five years, or for life, the life of William H. Lee, who died on January 12, 1914, of which defendant has had notice. Said policy is the property of plaintiff."

McCord & Davis, for appellant.

Hood & Murphree, for appellee.

ANDERSON, C. J.— (1, 2) While the Code form for a complaint upon life insurance policies is brief and simple, it requires that the period covered by the policy and the date of death be set out, in order that it may show that death occurred pending the life of the policy. —U. S. Company v. Veitch, 161 Ala. 630, 50 South. 95; Pence v. Mutual Benefit Co., 180 Ala. 583, 61 South. 817. The complaint here substantially follows the Code form, but charges in the alternative that the policy was for five years or for life, and gives the date of the death of the insured during the five years after the issuance of the policy. It therefore showed that the policy was in existence when the insured died. It may have been bad for being in the alternative and for not being definite as to the one or the other, but this particular defect was not pointed out by the defendant's demurrer.

(3, 4) The defendant interposed many special pleas, which may be grouped into two classes: First, misrepresentations and warranties in procuring the policy; and, second, conduct or habits of the insured in violation of the constitution and by-laws of the order, and which would operate as a forfeiture by him of the insurance. The pleas under the first class, to which demurrers were sustained, were defective, as those which

set up that the defendant was a "secret benevolent" order, so as to except the contract from the influence of section 4572 under the terms of section 4562 of the Code of 1907, failed to show a forfeiture under the terms of the policy as provided by the constitution and by-laws, or, if any of them did, the defendant got the benefit of same under pleas to which no demurrer was sustained. On the other hand, those of the first class which set up a sufficient forfeiture under the constitution and by-laws did not show that the defendant was a "secret benevolent" order so as to relieve it from the terms of section 4572 of the Code, and did not set up such misrepresentations and warranties as authorized a forfeiture of the contract under said section.—*National Union v. Sherry*, 180 Ala. 627, 61 South. 944.

The pleas under the second class were either covered by pleas to which the demurrers were overruled, else they did not set up such intemperance or conduct on the part of the deceased as would operate a forfeiture of the policy under the constitution and by-laws of the order.

(5) The trial court did not err in admitting in evidence the insurance policy. While it is designated as a "beneficiary covenant," it was a policy upon the life of Lee as averred in the complaint. Nor did the fact that it also covered injuries not resulting in case of death within the first five years prevent its being a policy upon the life of the insured.

There was no error in sustaining the objections to the question to the witness Roan as to the nature and character of the order, as the charter and constitution and by-laws showed what kind of an order it was.

(6) The trial court did not err in giving the general charge for the plaintiff, as he proved the material aver-

ments of the complaint and the defendant did not prove the material averments of the special pleas.

(7) The insured was not killed while engaged in an affray, as he was shot by Gardner before he did anything to him except to curse and abuse him.—*O'Neill v. State*, 16 Ala. 65; 1 Mayf. Dig. p. 32.

There was also some proof of the intemperance of the insured after the issuance of the policy, but there was no proof that there was such intemperance in the use of liquor, drugs, etc., to such an extent as impaired the health of the insured.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.