[Knights of Modern Macabees v. Gillespie.]

# Knights of Modern Macabees *v.* Gillespie.

### Assumpsit.

(Decided December 14, 1915.   71 South. 67.)

1. **Insurance; Mutual Benefit; Action; Pleading.**—The form for a complaint on a life insurance policy (form 12, § 5382, Code 1907) does not apply to an action on a certificate in a mutual benefit organization which remains in force only for so long a time as the member remains in good standing, and not for a defiinite term of years; hence, an allegation that the injury occurred while the policy was in full force and effect is sufficient.

2. **Appeal and Error; Assignments; Waiver.**—Where appellant does not insist in brief or oral argument on a ground of demurrer to the complaint, the assignment based thereon is waived.

3. **Insurance; Application; Fraud; Deceit.**—Under § 4572, Code 1907, the fact that the question in an application was not answered, and that this was done with intent to deceive, was no ground for voiding the policy, if it did not, in fact, deceive.

4. **Same; Misrepresentation; Waiver.**—Where it appears on the face of the application that a question was not answered, or was imperfectly answered, the issuance of a policy without further inquiry by the insurer is a waiver of the defect.

5. **Same; Pleading.**—A plea setting up that with full knowledge by or through its officer, servant or agent, the insurer issued and delivered the policy with the true condition of the insured well and thoroughly understood, is sufficient to allege the authority of such officers or agents to make a waiver of the condition.

6. **Appeal and Error; Harmless Error; Pleading.**—Where some portion of the replication was valid, and plaintiff could have recovered under it, any error in overruling demurrers to a replication which was made to a number of pleas, was harmless.

7. **Pleading; Waiver.**—Where the sufficiency of replications was not tested by demurrer, or the allegations thereof avoided by any but a general rejoinder, and plaintiff proved the truth of the replication without dispute, plaintiff was entitled to a directed verdict.

8. **Insurance; Mutual Benefit; Evidence.**—Where the evidence showed without dispute that the grand lodge officers of the insurer, after knowledge of an injury to the insured, accepted premiums for a policy of accident insurance, it was unnecessary to determine to what extent the local officers could bind the insurer by waiver or estoppel.

9. **Appeal and Error; Review; Matters Necessary.**—Where plaintiff was entitled to a directed verdict, it is unnecessary on appeal to consider special charges requested by and refused to defendant.

10. **Same; Rule 45.**—Under Rule 45, Supreme Court Practice, it is not only necessary to show error, but prejudice or injury must also appear.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by William P. Gillespie against the Knights of Modern Maccabees on a mutual benefit certificate for partial disability. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellant. McCORD & ORR, for appellee.

THOMAS, J.—The complaint was upon a policy or certificate of insurance, alleged in the complaint to be styled or known as "an accident, disability, and funeral benefit certificate," and alleged in the complaint to have been issued to plaintiff by defendant on August 27, 1912, wherein, as was alleged, it was agreed, among other things, that:

"If by accident the plaintiff should suffer the loss of one leg by severance at or above the ankle joint he should receive the sum of $500" (the amount claimed in the complaint).

The complaint further averred that: "While said policy was in force and effect, to-wit, on or about the 28th day of April, 1913, the plaintiff by accident suffered the loss of a leg at or above the ankle joint, of which the defendant has had notice," etc.

(1) The only ground of the demurrer to the complaint that is insisted upon in brief alleges that the complaint is defective in that it fails to state for what period of time the policy was issued.

We are of opinion that this ground of the demurrer was not well taken, because the absent averment mentioned, though found in the code form (Code, § 5382, form 12) for a complaint on a life insurance policy, issued for a definite term of years, we cannot say, as a matter of law, is applicable to all policies, especially policies or certificates of insurance covering accidents issued by benevolent orders, as defendant purports to be.—*National Life Ins. Co. v. Lokey,* 166 Ala. 174, 52 South. 45. Commonly, such a policy or certificate as the later continues in force, not for a definite period of years, but only so long and as long as the insured remains in good standing as a member of the order by the payment of dues, etc.

The object of the mentioned averment in the Code form cited, which is to the effect that the policy sued on and issued on a date alleged, insured the life of the deceased for a stated number of

[Knights of Modern Macabees v. Gillespie.]

years, was that it might be made to appear from the complaint whether the time of the death as subsequently alleged was within the alleged term covered by the policy; that is, whether the death was during or within the life of the policy. But where such an averment—such an averment as, that the policy insured the insured for a stated number of years or other period—is not true with respect to the contract of insurance actually sued on, then such an averment would be entirely inappropriate, and, if made, would create a variance between allegation and proof when the policy itself was offered in evidence.—*U. S. Health, etc., Co. v. Savage*, 185 Ala. 232, 64 South. 340.

When, therefore, such an averment is not applicable or appropriate to the contract sued on, then any other averment of fact showing that the death, or accident, as the case may be, happened or occurred within the life of the policy sued on will meet the requirements of good pleading.—*U. S. Health, etc., Co. v. Veitch*, 161 Ala. 630, 50 South. 95; *Patterson v. K. of P.*, 162 Ala. 430, 50 South. 377.

As will be observed from reading the excerpts from the complaint as hereinbefore quoted, it alleged to this end that the accident, relied on as the basis for recovery under the policy, happened "while said policy was in force and effect."

(2) It might be, which we do not decide, that these last words (those quoted), though otherwise sufficient, were objectionable as allegeing a conclusion of the pleader (*Penna. Cas. Co. v. Perdue*, 164 Ala. 508, 51 South. 352), but no ground of the demurrer seems to properly raise this question, and if it did, it is not insisted upon in brief, and is therefore waived (*L. & N. R. R. Co. v. Holland*, 173 Ala. 675, 55 South. 1001)—the first ground of demurrer, which we have already considered, being the only one urged in brief, or even there mentioned. The whole of the brief on the point of the demurrer reads: "The first ground of the demurrer  *  *  *should have been sustained. The complaint did not show for what period of time it [the policy] was issued. It should have shown this," citing in support *U. S. Health, etc., Co. v. Veitch, supra,* and *U. S. Health, etc., Co. v. Savage, supra,* each of which cases we have hereinbefore cited and neither of which, so far as we can see, conflicts with the views we have expressed.

(3) The defendant also complains of the sustaining of demurrers to certain of its pleas. Plea numbered 2, to which a

[Knights of Modern Macabees v. Gillespie.]

demurrer was sustained, alleged that: "The policy sued on was issued upon the faith of representations made in a written application and medical examination furnished and signed by plaintiff; that the application and policy formed one contract, and that in them it was provided: That all the statements and representations made in the application for the policy were material and were true and were warranted by plaintiff to be true. That in and as a part of said application plaintiff was asked this question: 'Are you in any way crippled or deformed?' That plaintiff's answer thereto was a material basis for the issuance of the policy. That plaintiff purposely left said question unanswered, and thereby fraudulently intended to deceive the defendant into the belief that plaintiff was not in any way crippled, when in fact he was, being at the time badly crippled, which fact he fraudulently withheld from this defendant."

The demurrer took the point, among others, which need not be considered, that the plea failed to show that the defendant was in fact deceived, by plaintiff's failure to answer the question, into believing that plaintiff was not crippled or deformed.

Whatever may have been plaintiff's intention to deceive by his failure to answer the question mentioned, if such failure did not in fact deceive the defendant, then such failure furnishes no basis for avoiding the policy. It requires both an intention to deceive and an actual deception to constitute fraud.—14 Am. & Eng. Ency. Iaw (2d Ed.) 106-108) and Alabama authorities there cited.

As we interpret it, there is nothing in section 4572 of the Code (cited by appellant) that alters or that was intended to alter this rule; nor is there anything that was said in construing said section, in the case of *Metropolitan Life Ins. Co. v. Goodman,* 10 Ala. App. 451, 65 South. 449, nor in the cases there cited (some of which are cited by appellant), which was intended to do so.—*National Union v. Sherry,* 180 Ala. 627, 61 South. 944; *Prov. Society v. Pruett,* 141 Ala. 688, 37 South. 700; *Insurance Co. v. Gee,* 171 Ala. 435, 55 South. 166; 16 Am. & Eng. Ency. Law (2d Ed.) 921, note 2.

The court consequently did not err in sustaining the demurrer, containing the ground mentioned, to defendant's said plea 2; nor to pleas 3 and 4, which had like defects. Futhermore, we may say with respect to the question in the application, alleged in plea 2 to have been left unanswered, that the law is that

[Knights of Modern Macabees v. Gillespie.]

where it appears upon the face of the application for insurance that a question is not answered at all, or imperfectly answered, the issuance of a policy without further inquiry will constitute a waiver of the imperfection in the application and will render immaterial the omission to give a full answer.—16 Am. & Eng. Ency. Law (2d Ed.) 937, and authorities there cited; 19 Am. & Eng. Ency. Law (2d Ed.) 71, and cases cited.

(5) Demurrers to pleas 5, 6, A2, A3, and A4 were overruled, but in order to understand the replications to them and points raised with reference thereto it is essential to state their substance. Please 5 and 6 set up, separately and severally, that the questions asked plaintiff in the application, to which he is alleged in each instance to have given a false answer, were, "Are you in good health?" to which plaintiff replied, as was alleged, "Yes;" and, "Have you ever applied for membership in any society, or in any life insurance company or association, and been rejected or action postponed?" to which plaintiff replied, as was alleged, "No." Each of the pleas, 5 and 6, further alleged that these answers were false, and plea 5 alleged that they were intended to deceive and did deceive defendant, while plea 6 alleged that the misrepresentations increased the risk of loss under the policy, concluding with an averment that the defendant then and there paid into court the sum of $25 as the full amount of all premiums and dues paid by plaintiff to defendant on account of said membership and policy.

Pleas A3 and A4 alleged, respectively, that the false answers mentioned both deceived the defendant, and also increased the risk of loss under the policy; while plea A2 contained these allegations with respect to plaintiff's failure to answer the question set out in plea 2 hereinbefore quoted from.

Demurrers to these pleas having been, as said, overruled, the plaintiff filed to each, separately and severally, seven replications, setting up in varying form and phraseology waiver and estoppel, to all of which replications demurrers were overruled, except to the replication numbered 1, to which a demurrer was sustained. It is insisted by defendant that the court erred in not also sustaining the demurrers to the other replications—those numbered 2, 3, 4, 5, 6, and 7—in that each failed to show or allege that the officers of defendant referred to in the replications had authority to waive the matters and things set up in the pleas which the replications purported to answer.

We think this ground of the demurrer, which is the only ground insisted upon or even mentioned in the brief, is without merit, certainly as to some of these replications. For instance, replication 2 alleged: "That the defendant with full knowledge, by and through its officers, servant, or agent, issued and delivered the said policy with the true condition of plaintiff well and thoroughly understood, and thereby waived the matters and things set out in said plea, and," etc.

The averment that "defendant with full knowledge by and through its officer, servant, or agent" is the equivalent of an allegation that defendant knew the facts mentioned by and through its officer, servant, or agent, which implies an allegation that such officer, agent, or servant was one whose knowledge as to the matters was knowledge of the defendant, because it would be impossible in law and in fact for defendant to know a thing by and through its officer, agent, or servant, unless knowledge of the latter was knowledge of the former. Knowledge of the agent could not in law be knowledge of the principal, except when the former was acting as the authorized agent of the latter in acquiring or receiving that knowledge. Replication 2, consequently, impliedly avers the authority of defendant's said officers or agents, and was therefore not subject to the ground mentioned of the demurrer.—*Brown v. Com. Fire Ins. Co.,* 86 Ala. 189, 5 South. 500.

Whether subject to other grounds, we need not consider, as they were waived by not being insisted on in brief.

(6) Under that replication (replication 2), as well as under replications 5, 6, and 7 (which were, in their implied averments as to the authority of defendant's agent, similar to replication 2), plaintiff was at liberty to prove knowledge of the facts alleged on the part of any officer or agent of defendant whose authority was such that in law knowledge on his part would be knowledge of the defendant; and, if the evidence was such that plaintiff was entitled to the affirmative charge on either of these replications (either 2, 5, 6, or 7), then even though the court did err, which we need not decide, in overruling the said mentioned ground of the demurrer to plaintiff's replications numbered 3 and 4, it would be error without injury to defendant, since defendant's pleas, to which these latter replications were an attempted answer, were completely emasculated by the establishment without dispute of either of the other replications men-

tioned.—*Liverpool Co. v. Tillis,* 110 Ala. 201, 17 South. 672; *Britt v. Pitts,* 111 Ala. 406, 20 South. 484.

Without pausing to consider the evidence as to the replication numbered 2, we may say that the evidence tends without dispute to establish replications 5, 6, and 7, which alleged in substance in some of them that the defendant, through its officer, agent, or servant, waived, and in others that it estopped itself from setting up, the matters and things relied on in its pleas to defeat recovery, by the fact that with full knowledge of the falsity of plaintiff's answers to two questions in the application for insurance and his failure to answer another, as mentioned in the pleas, the defendant continued to accept the dues and premiums on the policy after the injury or accident to plaintiff by which he lost his said leg, and retained the same up to the time of the filing of said pleas in this suit. and cannot now be heard to set up the defenses interposes in said pleas, etc.

(7) Assuming, without considering or deciding. that these replications set up immaterial matters, yet—their sufficiency not being tested by demurrer. or, if tested, the overruling of the demurrer not being insisted upon on appeal, except as to the one ground, which is without merit. as hereinbefore pointed out, and the allegations of the replications not being avoided by any rejoinder, except a general rejoinder denying their truth—if plaintiff proved without dispute in the evidence the facts alleged in the replications, he was, under our system, entitled to the affirmative charge.—4 Mayf. Dig. 486, § 23; 5 Mayf. Dig. 758, §§ 124½, 125; *Liverpool Co. v. Tillis,* 110 Ala. 201, 17 South. 672; *Britt v. Pitts,* 111 Ala. 406, 20 South. 484.

This the plaintiff did. The evidence was without conflict to the effect that Grand Lodge officers of the defendant order, after the accident to plaintiff and while his claim therefor was pending, and after knowledge acquired by them, in the investigation of such claim, of the fact of the falsity of plaintiff's statements in the application for insurance, etc., as set up in defendant's pleas, continued to receive and accept the dues and premiums from plaintiff on the policy and retained all he paid in, until defendant filed the pleas in the present case, when such premium and dues were paid into court.

(8) The plaintiff being entitled to the affirmative charge on this basis, it becomes unnecessary to consider or determine as to what extent the organizer and officers of defendant's local

lodge, who had knowledge of the facts, had authority to bind defendant by waiver or estoppel. As bearing on these matters, however, the following authorities are of interest, to-wit: *United Order, etc., v. Hooser,* 160 Ala. 334, 49 South. 354; *National Union v. Sherry,* 180 Ala. 627, 61 South. 944; *Ætna Ins. Co. v. Kennedy,* 161 Ala. 600, 50 South. 73, 135 Am. St. Rep. 160; *Con. Fire Ins. Co. v. Brooks,* 131 Ala. 614, 30 South. 876; *Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, 16 South. 46; *Prine v. American Central Ins. Co.,* 171 Ala. 343, 54 South. 547.

(9) The plaintiff, as shown, being entitled to the affirmative charge, it likewise becomes unnecessary to consider the refused special charges assigned by defendant as error.—*Western Union Telegraph Co. v. Whitson,* 145 Ala. 426, 41 South. 405; *Griffin v. Bass Foundry & M. Co.,* 135 Ala. 490, 33 South. 177; *Bowling v. M. & M. Ry. Co.,* 128 Ala. 556, 29 South. 584.

(10) Numerous exceptions were taken by the defendant to the rulings of the court on the admission and rejection of evidence, but only eight of these are insisted upon in brief. Most of them are clearly without merit, while in some there is probably merit; but it is not made to appear how, even if the court erred, it was prejudicial or injurious to the defendant as regards the replications upon which we have held plaintiff was entitled to the affirmative charge. Not only error, but injury, must be shown.—Sup. Ct. rule 45 (175 Ala. xxi, 61 South. ix). In fact, it clearly appears that most, if not all, of the rulings complained of as to rulings on evidence relate to the matters and things set up in replications 2, 3, and 4, which, for reasons before pointed out, we have been at liberty to ignore and have ignored entirely in the disposition of the case. We find no erroneous rulings on the evidence that were injurious to defendant as regards replications 5, 6, and 7, which confessed defendant's pleas, and set up new matter in avoidance that was proved without dispute.

Affirmed.