# Allen, *et al. v.* Standard Ins. Co.

Suit on Insurance Policy.

(Decided November 16, 1916. Rehearing denied January 18, 1917.
73 South. 897.)

1. Insurance; Life; Defense; Condition Precedent.—The insurer's right to defend an action on a life insurance policy on the ground of misrepresentation or fraud, under § 4572, Code 1907, is dependent under § 4573 upon the insurer's paying into court all the premiums on the policy where death ensues before the expiration of two years from date of the policy.

2. Same; Statutes.—The provisions of the statute as to defense of fraud in an action on a life insurance policy (§§ 4572-4573, Code 1907) are liberally construed in favor of the insured.

3. **Same; Actions; Prima Facie Case.**—Where the action was on a life insurance policy evidence showing the issuance and delivery of the policy the payment of all premiums due up to the time of death, with notice and proof of death, the policy being in evidence and the non payment thereof being admitted, a prima facie case for the plaintiff was made out.

4. **Pleading; In Short by Consent.**—Pleas in short by consent are authorizations to a defendant to avail himself of any special defenses to the same extent as if the defense had been specially pleaded.

5. **Insurance; Defense; Waiver of Condition Precedent.**—Where the action was upon a policy of life insurance, consent by plaintiff that defendant might plead in short was not a waiver of the requirements of payment into court of premiums paid as a condition precedent to the defense of fraud or misrepresentation as such consent had reference to the form of the plea and plaintiff was authorized to assume that the defendant would make his pleas and proof conform to the statutory requirements.

6. **Trial; Defense; Failure to Conform.**—The failure of a defendant to conform his pleas and proof to statutory requirements may be availed of by the plaintiff through motion to exclude the testimony on the plea or by the proper requested instructions.

7. **Appeal and Error; Objection Below; Review.**—In view of Circuit Court Rule 34, the giving of an affirmative charge predicated upon the fact that the evidence varies from the pleading, but not objected to on that ground does not constitute reversible error.

8. **Insurance; Evidence; Directed Verdict.**—Where the determination of the issues whether the premiums were paid to insured's death and whether he died while the policy was in force depended upon oral testimony, they became questions for the jury and the court was in error in directing a verdict for plaintiff without hypothesis.

APPEAL from Jefferson Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Henry Allen and others as administrators against the Standard Insurance Company. There was judgment for plaintiff which on motion of defendant was set aside and a new trial granted. From this order plaintiffs appeal. Affirmed.

BONDURANT & SMITH and L. J. HALEY, JR., for appellants. PERCY, BENNERS & BURR, for appellee.

THOMAS, J.—In the suit which was on an insurance policy, at plaintiff's request the general affirmative charge was given. From the order granting a new trial, the appeal is taken.

The defendant pleaded "in short by consent, with leave to prove any fact that would be a good defense, and with leave to plaintiffs to prove anything in reply that would avail same in law." The real defense was that fraudulent statements were made by the insured in the application for the policy, that such

misrepresentations were made with actual intent to deceive, and that the matter misrepresented increased the risk of loss.—Code 1907, § 4572.

The statute declares that no life insurance company shall contest a claim under a policy of insurance, on the plea of fraud or irregularity in the application, after two annual premium payments. have been made on the policy, etc., and that "no plea of misrepresentation or fraud in the application shall be filed unless accompanied by a payment into court, for the plaintiff, of all premiums paid on the policy."—Code, § 4573.

(1, 2) Compliance with this statute is a condition precedent, after the making of two annual payments, or payment of all premiums due, where death ensues before the expiration of two years from date of the policy, to the right of the defendant to attack the policy on the ground presented by the plea in the instant cause.—Code, § 4572; *Meridian Life Ins. Co. v. Dean,* 182 Ala. 127, 62 South. 90; *Meridian L. I. Co. v. Dean,* 184 Ala. 673, 62 South. 94; *Massachusetts Mut. L. I. Co. v. Crenshaw,* 186 Ala. 460, 65 South. 65; *Eminent Household, etc., v. Gallant,* 194 Ala. 680, 69 South. 884. These insurance statutes are given liberal construction in favor of the insured.—*Knights of Maccabees v. Gillespie,* 14 Ala. App. 493, 71 South. 67; *Metropolitan L. I. Co. v. Goodman,* 196 Ala. 304, 71 South. 409; *Massachusetts M. L. I. Co. v. Crenshaw,* 195 Ala. 263, 70 South. 768; *Afro-Am. L. I. Co. v. Adams,* 195 Ala. 147, 70 South. 119.

(3) The evidence showed the issuance and delivery to the insured of the policy sued on and the payment by him of all premiums due thereon to the time of his death. The policy was in evidence. It was admitted that notice to defendant or proof of death was received, and that the policy had not been paid. Under the evidence the plaintiffs discharged the burden of proof as to the right of recovery. The defendant must bring his defenses under the statute by his pleading and proof. Failing in this, the general charge may be given for plaintiff.

Did then the pleading in short by consent aid this defendant in discharging its burden of proof under the plea of fraud or misrepresentation, as provided by statute? The courts of this state have held that pleading in short by consent, whether the pleadings be named or otherwise designated, means that all material averments are considered as having been made. It has reference only to the form of the plea. The defense must be

good in substance.—*Gayle v. Randle*, 4 Port. 232; *Abercrombie v. Mosely*, 9 Port. 145; *Pollard v. Stanton*, 5 Ala. 451; *Lacy, et al. v. Rockett*, 11 Ala. 1002; *Governor v. Bancroft*, 16 Ala. 605; *Reid v. Nash*, 23 Ala. 733; *Harrison v. Harrison*, 39 Ala. 489; *Cotton v. Ward*, 45 Ala. 359; *Carmelich v. Mims*, 88 Ala. 335, 6 South. 913; *Steele v. Walker*, 115 Ala. 485, 21 South. 942, 67 Am. St. Rep. 62.

(4) In *Converse Bridge Co. v. Collins*, 119 Ala. 534, 24 South. 561, the case of *Ala & F. R. R. Co. v. Watson*, 42 Ala. 74, was overruled, and it has since been the rule that pleas in short by consent are an authorization to a defendant to avail himself of any special defense to the same extent as if specially pleaded. —*Austin & Sons v. Hunter*, 193 Ala. 163, 69 South. 113; *Garnett v. Parry Mfg. Co.*, 185 Ala. 326, 64 South. 559; *McCaskey Reg. Co. v. Nix Drug Co.*, 7 Ala. App. 309, 61 South. 484; *L. & N. R. R. Co. v. Williams*, 5 Ala. App. 615, 56 South. 865, 59 South. 673.

(5, 6) Defendant's failure to support its plea of misrepresentation or fraud, by the payment into court, for the plaintiffs, of all premiums paid on the policy, was not relieved by the form of pleading adopted in this case. The consent of the parties did not extend to a waiver of the conditions precedent declared by the statute. When consent for pleading in short is given, the plaintiff is authorized to assume that the defendant will make his pleadings and proof conform to the statutory requirements. Failure to do this may be availed of by plaintiff through a motion to exclude the testimony on that plea, or by requesting a written charge.—*Wertheimer Bag Co. v. Hill*, 14 Ala. App. 623, 71 South. 618.

(7) Appellee now insists that the general charge should not have been given because of a variance between allegata et probata. It is averred in the complaint that the policy sued on was for $2,000, that it was of date January 12, 1915, and that it insured for the term of one year the life of John J. Allen, deceased, who died on June 2, 1915. The policy introduced in evidence was a 20-year endowment, of date January 12, 1915, for the sum of $2,000, payable to John J. Allen on January 12, 1935 "if the insured be then living, or upon receipt at said home office of due proof of the prior death of the insured, during the continuance of this contract, to the estate of the insured, the beneficiary."

The further pertinent provisions of the policy were as follows: "The consideration for the above promise is the application therefor of the insured, a copy of which is attached hereto and made a part hereof, and the annual premium of $85.20, payable on delivery hereof, and on the 12th day of January, in each and every year, at the company's home office or to an authorized agent, in exchange for receipts signed by the president or secretary, until twenty full annual payments have been made or until the prior death of the insured. This policy will not take effect unless the first premiums or agreed installments thereof shall have been paid during the lifetime of the insured. The company will accept in lieu of the annual payment, semi-annual payments of $44.30 each to be paid on or before the 12th day of January and July, or quarterly payments of $22.60 each, on or before the 12th day of January, April, July and October, in each year. * * *

"*Premiums*—All premiums hereunder are payable in advance."

In *U. S. H. & A. I. Co. v. Savage,* 185 Ala. 232, 65 South. 340, it was held that there was a fatal variance where the complaint was on a policy insuring "for the term of to-wit, three years, the life and health of plaintiff," and the policy offered in evidence was dated March 15, 1909, and contained the provision:

"This insurance will expire one month from the time this policy is dated at 12 o'clock noon, standard time, at the place where issued, but may be consecutively renewed from term to term, subject to all of its conditions upon the payment of the monthly premium in advance."

In the instant case the insurance was conditioned on the payment of the annual premiums, as agreed upon, as they should mature and become due throughout the period of 20 years from the date of its issuance, or sooner, on the death of the insured. If objection had been seasonably made in the trial court, it may be that this policy should not have been received in evidence because of a substantial variance. No such objection was made to its introduction, however, and the refusal of defendant's written charge L did not raise the question of variance.—New Circuit Court Rule 34 (175 Ala. xxi); *U. S. H. & A. I. Co. v. Savage, supra.*

While it is true that the provision of rule 34, supra, "Nor will the trial court be put in error for refusing the general

charge predicated upon such a variance, unless it appears from the record that the vaiance was brought to the attention of the said trial court by a proper objection to the evidence, "refers to the refusal to give the general charge predicated upon such a variance, yet the first paragraph of the rule expressly exempts the court from reversal "in all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, "unless there was a special objection making the point as to the variance." "And the general objection that the same is illegal, irrevelant, and immaterial will not suffice" is an amplifying provision. If, therefore, the admission of the evidence in question on the trial was not reversible error, unless the rule was complied with by special objection pointing out the variance presented on the introduction of such evidence, how can the giving of the affirmative charge, at plaintiff's request, predicated on such evidence, be reversible error? The granting of the motion for a new trial cannot be justified on the ground of a variance.—New Circuit Rule 34.

(8) The appellee insists that the affirmative charge given for plaintiffs was without hypothesis. The charge was: "The court charges you, gentlemen of the jury, that the defendant has not deposited into this court all premiums paid on the policy, and has not made any proof of such deposit, and I therefore charge you as a matter of law that it is your duty under the evidence to bring in a verdict for the plaintiffs."

It has been held error to reverse for the court to give the general charge without hypothesis where the right of recovery of the party asking the charge rests on oral testimony.—*Shipp v. Shelton,* 193 Ala. 658, 69 South. 102; *Swindall v. Ford,* 184 Ala. 137, 63 South. 651; *Scott v. State,* 110 Ala. 48, 20 South. 468; *Davidson v. State, ex rel. Woodruff,* 63 Ala. 432.

Did the charge assume or take from the jury the question of the credibility of parol testimony? (1) The written policy was in evidence, and by its terms it insured the said Adams' life for the period designated; (2) it was admitted that the defendant had not deposited in court all the premiums paid on the policy as provided by the statute; and (3) that defendant had received due notice of the death of the deceased, and notice to produce the books of the company showing the payments on the policy.

It is to be observed, however, that the defendant does not admit when the death of insured occurred, nor that it was while

the policy was in force. Thus there was left to parol testimony two material questions necessary to the plaintiffs' right of recovery: (1) That all matured premiums were paid on the policy to the time of the insured's death; (2) that the insured died (on June 2, 1915) while the policy was in force.

Under the foregoing authorities the charge was an invasion of the province of the jury as to these facts resting in parol, and the court committed no error in granting the new trial.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.