140 So. 410

## SOVEREIGN CAMP W. O. W. v. GUNN.
### 7 Div. 32.

Supreme Court of Alabama.
Jan. 21, 1932.

Rehearing Denied March 31, 1932.

McCollough & McCollough and Jim Gibson,
all of Birmingham, for appellant.

448

L. H. Ellis, of Columbiana, and Borden Burr, of Birmingham, for appellee.

**KNIGHT, J.**

Suit by Katherine R. Gunn against Sovereign Camp Woodmen of the World, to recover on a policy or certificate of insurance whereby the defendant (appellant) insured the life of Willie C. Gunn, payable upon satisfactory proof of the death of said Willie C. Gunn, and while he was a member in good standing of the association. Mary M. Gunn, the wife, was named as the beneficiary under the certificate; but after the death of the insured this certificate was transferred and assigned to the plaintiff, and she brought this suit thereon.

The first two counts of the complaint are in Code form (1923) and the third count is not. In this third count the plaintiff set out the entire policy contract, and alleged that the insured, at the time of his death, was a member in good standing of the association, and that "said policy was in full force and effect." Counts 2 and 3 also set up a provision of the policy providing for double indemnity in the event that the death of the insured resulted, directly and independently of all other causes, from bodily injury· effected solely through external, violent, and accidental means, and within sixty days after sustaining said injury.

Counts 1 and 2 being substantially in the form prescribed by the Code 1923, are sufficient, and not subject to any of the grounds of demurrer directed to them. Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538.

The decisions in the cases of U. S. H. & A. Co. v. Veitch, 161 Ala. 630, 50 So. 95, and Pence v. Mutual Ben. L. Ins. Co., 180 Ala. 583, 61 So. 817, cited by appellant, are not now in point, as they were rendered when form 12, page 1196, of the Code of 1907, was the form of complaint prescribed, but by Code of 1923, vol. 4, form 12, p. 502, the words "for the term of ———— years" were dropped from the statutory form, and it is not now necessary to aver the time that the policy was to run.

The third count is not in the form prescribed by the Code, but this count sets out the policy sued on, and in our opinion is sufficient as against any grounds of demurrer assigned. The count avers that, at the time of the death of said Willie C. Gunn, he was a member in good standing in the association, and that said policy was in full force and effect at the time of his death.

It is insisted that the "facts set up in said count were mere conclusions of the pleader." In this we cannot agree. The statement that the policy was in full force and effect, in connection with the statement that the said Gunn was at the time a member in good standing in the association, is sufficient as against the demurrer. The Code provides: "All pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts,

or matter to be put in issue, in an intelligible form; no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party." Code, § 9457. And section 9458 of the Code provides: "Any pleading which conforms substantially to the schedule of forms in this Code is sufficient." The demurrer takes the point that "the facts set up in said count are mere conclusions of the pleader." This is not borne out by an inspection of the count, and, if any particular allegation is made by way of a legal conclusion, the demurrer does not specifically point it out. For this reason, whether the statement "and said policy was in full force and effect" was the statement of a legal conclusion or not, cannot avail defendant. Knights of Modern Maccabees v. Gillespie, 14 Ala. App. 493, 71 So. 67. But whether the count in this respect was, or was not, subject to demurrer on above stated grounds, it was error without injury, for, during the taking of the evidence in the case, defendant's counsel, in open court, stated "that defendant would admit that the policy was paid up."

We are, however, of the opinion that count 3 is sufficient, and not subject to the demurrer interposed to it.

The defendant filed eight pleas, two in form of the general issue, and the others are special pleas setting up different parts of the policy contract, wherein the defendant claimed there had been breaches, which defeated recovery. The plaintiff demurred to all the special pleas, and the court overruled the demurrers to pleas 3, 4, 5, and 6, but sustained them to pleas 7 and 8.

█ Plea 7 was manifestly bad, in that it shows that the beneficiary Mary M. Gunn was a witness to the alleged accident and the provision of the policy requiring an eyewitness to the accident did not exclude the beneficiary from being a competent witness in the matter. It simply required that the accident shall be established by the testimony of at least one person, other than the member. Confessedly, Mary M. Gunn, the beneficiary, was not "the member." Had the contract intended to exclude the beneficiary as a witness, it would have so stated. There was no error in this ruling of the court.

█ Plea 8 was also subject to the demurrer interposed to it. It was but an attempt on the part of the defendant to set up, as an answer to the complaint, the indictment, trial, and conviction of the beneficiary—Mary M. Gunn, for the murder of Willie C. Gunn, the insured—proceedings begun and had in the circuit court of another county, in which the only parties were the state of Alabama and the said Mary M. Gunn. It was an attempt to plead the conviction and sentence of Mrs. Gunn of the murder of her husband as res adjudicata of her guilt.

In the case of Wood v. Wood, 134 Ala. 557, 33 So. 347, 349, it is said: "To support the plea of res adjudicata, 'the parties must be the same, the subject-matter the same, the point must be directly in question, and the judgment must be rendered upon that point.' —Gilbreath v. Jones, 66 Ala. 132. Or, as the principle is elsewhere expressed, res adjudicata is determined as existing, 'when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not, what the parties actually litigated, but what they might and ought to have litigated in the former suit.'—Tankersly v. Pettis, 71 Ala. 179; Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514." As was pointed out in the case of Gilbreath v. Jones, 66 Ala. 129: "Any of these ingredients wanting, the defense fails."

In the case of Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S. E. 301, 302, 31 A. L. R. 258, it is said: "It is uniformly held that a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case, to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different. * * * The criminal proceeding is between the state and the accused party, and seeks vindication of a public right, while in the civil suit the purpose sought is vindication of purely private rights and interests."—Freeman, Judgments, § 319; Black Judgments, § 529; R. C. L. (title Judgments) §§ 476–7; Micks v. Mason, 145 Mich. 212, 108 N. W. 707, 9 Ann. Cas. 291, 11 L. R. A. (N. S.) 653, and note.

To the same effect is the holding in the case of Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S. W. 49. And our own court has reached a similar conclusion. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L. R. A. 617; Jay v. State, 15 Ala. App. 255, 73 So. 137, certiorari denied in 198 Ala. 691, 73 So. 1000.

Plea 8 was therefore insufficient, and the court properly sustained the demurrer thereto.

█ The defendant was not entitled to have the jury instructed in the terms of any one of its refused charges 1, 2, 3, 4, 5, and 6. These were general affirmative instructions, based on the assumption, as appellant argued in brief, that the judgment of conviction of Mrs. Gunn in the criminal case was res adjudicata, and conclusive in this case. We have shown that this assumption cannot be sustained, and, as there was a conflict in the evidence as to

the killing of the insured by the beneficiary, the court was not warranted in giving these charges.

 Charges 7, 8, 9, 10, 11, 12, 13, and 14 were bad in form, and otherwise objectionable. Charges 25, 26, and 27 were refused without error, and, besides the court's general oral charge to the jury is not shown either by the record proper or in the bill of exceptions, and, for aught appearing, the court fully covered these charges in its oral instructions. Milligan v. State, 208 Ala. 223, 94 So. 169; Fincher v. State, 211 Ala. 388, 100 So. 657.

Charges 13 and 14 directed the jury to find for defendant under its pleas 7 and 8, when there were no such pleas before the jury. These pleas went out of the case on demurrer.

 Charge 28 was also refused without error, as the court gave this charge in substance in given charge 17, given at the request of defendant.

 The court committed no error in overruling defendant's objection to the introduction in evidence of the "benefit certificate" sued on, nor in allowing plaintiff to introduce in evidence the transfer of this certificate. The transfer of the certificate was not denied by any sworn plea. Code, § 9471. Nor do we understand that it was of any moment in the case whether the plaintiff paid anything to her mother for the certificate. As between Mrs. Gunn and the transferee in a proper proceedings, and under proper pleas, the transfer might be open to such attack as was attempted in this case, but no such case is now presented, hence the court's ruling, made the basis of appellant's thirtieth assignment of error, is free from error.

 There was likewise no error in the ruling of the court as complained of in appellant's assignments of error 31, 32, and 33. While Mrs. Gunn was on the stand testifying for plaintiff, she was asked this question on cross-examination by defendant: "Well, look at this transcript of the evidence at the former trial in Talladega and see if that is not what you said?" The plaintiff objected to the question, and this objection was sustained by the court. It was made to appear to the court that the document referred to by defendant was a copy of the transcript of the record in the criminal case against Mrs. Gunn. The court stated to defendant's attorney that he would allow him to ask the witness the question, but would not require the witness to look at the transcript of the proceedings in the criminal case, but that he would permit them to have her read the transcript of the evidence, if counsel for defendant would present it to her, and this counsel for defendant did not do, and, moreover, the court stated to defendant's counsel that they would be permitted to ask any question they desired with

reference to what the witness testified on her former trial at Talladega. The defendant can take nothing by his said objection and exception.

The appellant can take nothing by his fifty-first and fifty-second assignments of error. The record shows no objection, and exception reserved by defendant. The court admitted the record in the criminal case for the purposes offered by defendant, and the only exception reserved was one by plaintiff.

 Assignment 53 does not appear to be insisted upon in argument and brief of appellant, and for that reason will not be discussed in this opinion. There is no merit in appellant's contention that the court erred in not "granting" a mistrial, in view of argument of plaintiff's attorney. It suffices to say that the argument was excluded on motion of defendant, and no motion was made by defendant that the case be taken from the jury, and mistrial entered in the cause. The defendant cannot speculate upon getting a favorable verdict, and, when disappointed, complain of the action of the court in not taking the case from the jury. It should have moved promptly for the withdrawal of the case. This it failed to do.

 The exception reserved by defendant to a portion of the court's oral charge which reads: "Now, if you should not be convinced of, by the testimony and reasonably satisfied by the testimony that this plaintiff was entitled to recover $2,000.00, the double indemnity, but you should and are convinced from the testimony, or reasonably so, that she is entitled to recover the $1,000.00, then, of course, your verdict would be for $1,000.00 provided, as I said a moment ago, that you are not reasonably convinced from the testimony that Mrs. Gunn intentionally killed Willie C. Gunn." It appears that the court corrected this part of his charge by telling the jury that, when he used the word "convinced," he meant to use the word "satisfied," and that he desired the jury to understand that they should be reasonably satisfied and not reasonably convinced, and that that was what the law required. There was no error in that part of the charge excepted to, as corrected by the court.

 This brings us down to a consideration of the remaining question, whether, under the evidence adduced upon the trial, the trial court committed error in refusing to grant defendant's motion for a new trial. We have considered, carefully, all the evidence offered by both sides; and, after allowing all reasonable presumptions in favor of the correctness of the jury's verdict, we are forced to the conclusion that it was contrary to the great weight of the evidence, and required that it be set aside on proper motion. This motion was made by defendant, and overruled by the

court, and exception duly reserved. In overruling this motion the court committed error, which must lead to a reversal. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

In view of the trial to follow, we suggest that with the bullet and cartridge properly identified, the question propounded to the witness Wesley, "I will ask you, Mr. Wesley, in your opinion, whether you think that bullet came out of this cartridge?" should have been allowed. We think the witness had shown himself to be duly qualified.

We are also of the opinion that the question to Mrs. Gunn, designed to elicit the fact she had not disclosed to any one that she had $200 in her purse, should have been allowed, as tending to rebut the theory of robbery, but not for impeachment purposes, as the question omitted all reference to time, place, and the person or persons to whom she might have made such statement.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.